## EVERETT, TRUSTEE IN BANKRUPTCY OF JUDSON, *v.* JUDSON.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 595. Argued March 13, 1913.—Decided April 28, 1913.

*Burlingham* v. *Crouse, ante,* p. 459, followed to effec. that under § 70a of the Bankruptcy Act the trustee only takes surrender value of insurance policies on the bankrupt's life, or, in case loans have been made by the company issuing the policies, only the excess of surrender value over the amount of the loan.

Under § 70a of the Bankruptcy Act the bankrupt is entitled to the policy by paying the amount of the cash surrender value or excess thereof over loans as of the date of the filing of the petition, and in case of the maturity of the policy before the adjudication he or his legal representative is entitled to the proceeds of the policy over and above such amount.

Congress, by the proviso in § 70a, fixed the date of filing the petition as the line of cleavage as between the trustee and the bankrupt in regard to life insurance policies, and this is not affected by subsequent events such as the maturity of the policy by the suicide of the bankrupt, even though prior to adjudication.

192 Fed. Rep. 834, affirmed.

THE facts, which involve the construction of § 70a of the Bankruptcy Act and the ownership of policies of

insurance on the life of a bankrupt, are stated in the opinion.

*Mr. Charles K. Beekman* for petitioner:

Life insurance policies having no surrender value at petition filed are property, and pass to a bankrupt's trustee. Sec. 70a, subd. 5, Bankruptcy Act; *In re Coleman,* 136 Fed. Rep. 818; *Grigsby* v. *Russell,* 222 U. S. 149, 156; *Sessions* v. *Romadka,* 145 U. S. 29, 30; Collier on Bankruptcy, 9th ed., 1912, pp. 1027, 1028; *In re Orear,* 178 Fed. Rep. 632, 634; *In re Welling,* 113 Fed. Rep. 189.

Life insurance policies, whether they have a surrender value or not at petition filed, are property which the bankrupt could have transferred prior thereto, if payable to himself, his executors, administrators or assigns. 1 Remington on Bankruptcy, p. 556, § 1002; § 1, subd. 25, Bankruptcy Act; *In re Barrow,* 89 Fed. Rep. 583; *Partridge* v. *Andrews,* 191 Fed. Rep. 325, 329.

Life insurance policies having a surrender value at petition filed vest absolutely in a trustee if the bankrupt dies before adjudication. *Partridge* v. *Andrews,* 191 Fed. Rep. 325; *Burlingham* v. *Crouse,* 181 Fed. Rep. 479; *In re Welling,* 113 Fed. Rep. 189, 193; *In re Orear,* 178 Fed. Rep. 632; *In re Judson,* 188 Fed. Rep. 702.

For interpretation of proviso contained in § 70a, subd. 5, Bankruptcy Act, see *Holden* v. *Stratton,* 198 U. S. 202; *Hiscock* v. *Mertens,* 205 U. S. 202.

A trustee takes title to the proceeds of property owned by a bankrupt at petition filed. *Partridge* v. *Andrews,* 191 Fed. Rep. 325, 331.

Where a bankrupt dies or becomes insane subsequent to the filing of a petition in bankruptcy against him, a discharge in bankruptcy may nevertheless be granted, though the requirement calling for the personal presence of the bankrupt cannot be complied with. Collier on Bankruptcy, 9th ed., 1912, page 250; Bankruptcy Act, § 8.

As to property acquired after petition filed, see 1 Remington on Bankruptcy, p. 647, § 1135; *In re Ghazal,* 174 Fed. Rep. 809; *In re McDonnell,* 101 Fed. Rep. 239.

Under the present Bankruptcy Act, not only the property which the bankrupt owned at the time of filing of the petition against him passes to his trustee, but also the proceeds of property owned by him at petition filed which he has disposed of afterwards. *In re Milk Company,* 145 Fed. Rep. 1013; *In re Pease,* 4 Am. B. R. 578, 582.

The surrender value referred to in § 70a, subd. 5, is the surrender value of a policy at the time the same is stated to the trustee by the company issuing the same. *In re McKinney,* 15 Fed. Rep. 537; *Holden* v. *Stratton,* 198 U. S. 214; *Hiscock* v. *Mertens,* 205 U. S. 202, 209.

A trustee takes title to rights of action arising upon a bankrupt's life insurance policies which have matured before adjudication, if they were owned by him at petition filed under Bankruptcy Act, § 70a, subd. 6. *Matthews* v. *Amer. Cent. Ins. Co.,* 154 N. Y. 449, 460; *Partridge* v. *Andrews,* 191 Fed. Rep. 325.

*Mr. George S. Ludlow* for respondent.

MR. JUSTICE DAY delivered the opinion of the court.

This case involves the title to the proceeds of certain insurance policies upon the life of Alfred M. Judson, bankrupt, deceased, collected by the trustee in bankruptcy. The executor of Judson's estate brought suit against the trustee in the United States District Court for the Southern District of New York, asserting title to such funds. The District Court ordered that the proceeds of the policies, less their cash surrender value, be paid to the executor (188 Fed. Rep. 702); the Circuit Court of Appeals for the Second Circuit, upon petition to revise, affirmed that order (192 Fed. Rep. 834), and the case comes here on certiorari.

A petition in involuntary bankruptcy was filed against the firm of Judson & Judson and its members, Alfred M. Judson being one, on December 17, 1910, and on December 23, 1910, Judson entered a notice of his appearance in the proceedings. On January 9, 1911, the firm and its members were adjudged bankrupts, and on February 9, 1911, Everett qualified as trustee. Judson owned certain life insurance policies, at the time of the institution of the bankrupt proceedings, and thereafter and until his death payable to his executors, administrators or assigns. So far as this case is concerned, at the time of the filing of the petition in bankruptcy, these policies, with cash surrender values and subject to loans, were as follows: One policy for $5,000, having a cash surrender value of $2,291.49 and subject to a loan of $2,238; another for $1,000, having a cash surrender value of $332.31 and subject to a loan of $322; and another for $10,000, having a cash surrender value of $5,030 and subject to a loan of $5,240. It therefore appears that the cash surrender value of the policies on December 17, 1910, was $63.80.

On January 4, 1911, Judson committed suicide. Notice was served on the trustee that the executor claimed the right, under § 70a of the Bankruptcy Act to pay to the trustee the cash surrender value of the policies when ascertained, but the trustee denied such right and also the right of the executor to the balance of the proceeds of the policies. Under agreement, the insurance companies paid to the trustee $8,675.14 upon the policies. The executor asserted title to the difference between the sum realized on the policies and the cash surrender value, namely, $8,611.34. The District Court, upon the authority of Burlingham v. Crouse, 181 Fed. Rep. 479, held that the proceeds of the policies, over and above the cash surrender value as of the date of the filing of the petition, passed to the executor. The Circuit Court of Appeals affirmed the order of the District Court, holding that the

time when the interest of the bankrupt estate in the policies passed to the trustee was the date of the filing of the petition, and further, also upon the authority of *Burlingham* v. *Crouse,* 181 Fed. Rep. 479, that the interest of the trustee in the policies extended only to their cash surrender value.

The present case was argued at the same time as the case of *Burlingham* v. *Crouse, ante,* p. 459, and in so far as it is like that case the principles therein laid down are controlling. The present case has, however, a feature not directly involved in the case of *Burlingham* v. *Crouse,* because Judson, the insured, committed suicide before the adjudication in bankruptcy, although after the filing of the petition, and it is the contention of the petitioner that the Bankruptcy Act vested the title to the property in the trustee as of the time of the adjudication and that the death of the bankrupt between the filing of the petition and the date of the adjudication made the proceeds of the policies assets in the hands of the trustee.

While it is true that § 70a provides that the trustee, upon his appointment and qualification, becomes vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, there are other provisions of the statute which, we think, evidence the intention to vest in the trustee the title to such property as it was at the time of the filing of the petition. This subject was considered in *Acme Harvester Co.* v. *Beekman Lumber Co.,* 222 U. S. 300, wherein it was held that, pending the bankrupt proceedings and after the filing of the petition, no creditor could obtain by attachment a lien upon the property which would defeat the general purpose of the law to dedicate the property to all creditors alike. Section 70a vests all the property in the trustee, which, prior to the filing of the petition, the bankrupt could by any means have transferred or which might have been levied upon and sold under judicial process against him. The

bankrupt's discharge is from all provable debts and claims which existed on the day on which the petition for adjudication was filed. *Zavelo* v. *Reeves*, 227 U. S. 625, 630–1. The schedule that the bankrupt is required to file, showing the location and value of his property, must be filed with his petition.

We think that the purpose of the law was to fix the line of cleavage with reference to the condition of the bankrupt estate as of the time at which the petition was filed and that the property which vests in the trustee at the time of adjudication is that which the bankrupt owned at the time of the filing of the petition. And it is as of that date that the surrender value of the insurance policies mentioned in § 70a should be ascertained. The subsequent suicide of the bankrupt before the adjudication was an unlooked-for circumstance which does not change the result in the light of the construction which we give the statute.

It follows that the judgment should be

*Affirmed.*