## TOOF v. CITY NAT. BANK OF PADUCAH, KY.

(Circuit Court of Appeals, Sixth Circuit. June 3, 1913.)

No. 2,305.

1. BANKRUPTCY (§ 152*)—TITLE OF TRUSTEE—TIME OF VESTING.
   The title of a trustee to property or funds of the bankrupt is fixed by relation as of the time of filing the petition, and not as of the date of adjudication.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 194; Dec. Dig. § 152.*]

2. BANKRUPTCY (§ 164*)—ACTION BY TRUSTEE—RECOVERY OF PREFERENTIAL PAYMENT.
   Payment of a debt by a bankrupt after the filing of the petition in bankruptcy against him is unauthorized, and ordinarily the trustee is entitled to recover the amount paid; but, if the debt was one wholly or in part enforceable as against the trustee, it is a proper exercise of discretion for the court to deny such recovery, either in whole or pro tanto.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267; Dec. Dig. § 164.*]

3. BANKRUPTCY (§ 326*)—BANK AS CREDITOR AND DEBTOR—RIGHT OF SET-OFF.
   On the bankruptcy of a depositor, a bank which holds a note against him has the right to apply thereon a balance standing to his credit as a set-off, and it does not lose that right by accepting the bankrupt's check in payment of the note, even though drawn after the filing of the petition against him.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. § 326.*]

4. BANKRUPTCY (§ 184*)—VALIDITY OF CHATTEL MORTGAGE—KENTUCKY STATUTE.
   Ky. St. § 1908, providing that every voluntary alienation of or charge upon personal property not accompanied by delivery until recorded shall

be void as against purchasers in good faith without notice or "any creditor" under the Kentucky decisions, avoids such a transfer only as to creditors who have acquired liens and not as to general creditors; and under Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), bankruptcy does not operate through the agency of the trustee to materialize and attach the mere right of a general creditor to obtain a lien so as to defeat a chattel mortgage or contract lien good as between the parties.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

In the matter of the Foreman Bros. Electric Company, bankrupt. E. L. D. Toof, trustee, appeals from an order dismissing his petition to recover a payment made by the bankrupt to the City National Bank of Paducah, Ky. Modified and affirmed.

On July 29, 1909, the bankrupt borrowed from the bank on its demand note $2,285 for the purpose of taking up a draft, then in the bank for collection, attached to a bill of lading for three automobiles which had been shipped to Paducah, with instructions to deliver to bankrupt on surrender of bill of lading. On the back of the note was the following indorsement, signed by the bankrupt: "The within note is secured by the pledge and deposit of the following securities, to wit: three Ford motor cars, as per bill of sale attached." The invoice for the cars was at the same time delivered to the bank and attached to the note, and at the foot of the invoice the bankrupt wrote and signed: "We hereby transfer and assign the above cars to the City National Bank." Thereupon the bank delivered the bill of lading to the bankrupt, and the latter took the cars from the railroad station to its own place of business.

On August 23d it had sold two of the cars and deposited the proceeds in its general bank account, mingled with other funds. On that day it sold the third car for $850, but the purchaser's check therefor had not been deposited with the bank when, on August 24th, before banking hours, involuntary petition in bankruptcy was filed at Louisville, 150 miles from Paducah.

At the close of business on August 23d, the amount of the bankrupt's general deposit in the bank was $1,293. Shortly after the opening for business on August 24th, the bankrupt deposited the $850 check, and also $406 of miscellaneous receipts, making a total credit of $2,549. Thereupon it gave the bank its check in full payment of the note of July 29th.

August 26th an adjudication in bankruptcy was made. The trustee later filed his petition seeking to recover from the bank the $2,285 so paid. The petition was dismissed by the referee, and the District Court, on petition to review, affirmed this action. The trustee brings the matter here upon appeal.

Bradshaw & Bradshaw, of Paducah, Ky., for appellant.
Wheeler & Hughes, of Paducah, Ky., for appellee.

Before WARRINGTON, KNAPPEN and DENISON, Circuit Judges.

DENISON, Circuit Judge (after stating the facts as above). [1] 1. So far as concerns interests of the class here involved, when a trustee is appointed, his title is fixed, by relation, as of the time of filing the petition, and not merely as of the date of adjudication. This is made clear by Supreme Court decisions rendered since the making of the order now under review. Acme Co. v. Beekman Co., 222 U. S.,

300, 32 Sup. Ct. 96, 56 L. Ed. 208; Everett v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. ——, April 28, 1913.

[2] 2. Payment of such a debt as this by the bankrupt after filing of petition, is unauthorized, and the trustee is ordinarily entitled to recover the amount so paid. However, if the payment is one to which the creditor was entitled as against the trustee, and which the court would have directed the trustee to make, it would be a useless formality to compel its refunding to the trustee and then direct him to pay it back to the creditor. In such case, it is a proper exercise of discretion to refuse the trustee's petition.

[3] 3. At the time the petition in bankruptcy was filed, the bank was entitled to set off the $1,293 deposit against the depositor's demand note. Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380; Bank v. Loeb [C. C. A. 6] 188 Fed. 285, 110 C. C. A. 263. The bank did not lose this right by accepting the depositor's check against the same account. This was not such a recognition of the depositor's general right of disposition as to be inconsistent with the lien or right to set-off which was thereby carried into effect, but was only a convenient and customary method of making the application. Walsh v. Bank (C. C. A. 6) 201 Fed. 522. See, also, Studley v. Bank, decided by Supreme Court June 9, 1913, 229 U. S. 523, 33 Sup. Ct. 806, 57 L. Ed. ——.

[4] 4. It is clear that the indorsement on the note and the assignment at the foot of the invoice constituted, as between the parties, a valid contract lien upon, or pledge of, these cars and their proceeds, as security for the money then presently loaned; and that, at the moment of bankruptcy, the bank was, as between the parties, and pursuant to this lien, rightfully entitled to the $850.

However, it is said that this pledge or lien cannot be enforced against the bankruptcy trustee by reason of section 1908 of the Kentucky Statutes, quoted in the margin.[1] This statute is as to the present question substantially equivalent to section 496. The meaning and effect of this latter section have been more than once under consideration by this court, the last time in Crucible Steel Co. v. Holt, 174 Fed. 127, 98 C. C. A. 101 (and see In re Martin, 193 Fed. 841, 113 C. C. A. 627, and In re Huxoll, 193 Fed. 851, 113 C. C. A. 637). Our opinion was reviewed and affirmed by the Supreme Court in Holt v. Crucible Steel Co., 224 U. S. 262, 32 Sup. Ct. 414, 56 L. Ed. 756. These cases construe the decisions of the Kentucky Supreme Court as holding that the statutory term "creditors" includes only those who have affirmatively fastened a lien upon the property, and not those who have only a right to get a lien; and as it had been held in York v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, that bankruptcy did not operate, through the agency of the trustee, to materialize and attach such a mere right to have a lien, it followed that an unrecorded mortgage was, in Kentucky, good as against the general rights of a bankruptcy trustee.

[1] "§ 1908: Every voluntary alienation of or charge upon personal property, unless the actual possession, in good faith, accompanies the same, shall be void as to a purchaser without notice, or any creditor, prior to the lodging for record of such transfer or charge in the office of the county court for the county where the alienor or person creating the charge resides."

We see no reason to differentiate between "creditors" in section 496 and "any creditor" in section 1908; nor are we persuaded that the decision of the Kentucky Supreme Court in Burns v. Daviess County Bank, 135 Ky. 355, 122 S. W. 182, 25 L. R. A. (N. S.) 525, 135 Am. St. Rep. 467, operates to overturn the established definition of "creditors" as declared in Holt v. Crucible Steel Co., supra, or requires us to give to section 1908 a different construction from that now fixed upon section 496. The Daviess County Bank Case cannot have this effect, because it was essentially a construction of the Kentucky assignment law, rather than of section 1908, and holds, in effect, that an assignee, under the state law, takes a title which enables him to assert rights which creditors under section 496 and section 1908 might have asserted, but had not. Though there may be no logically satisfactory distinction between the nature of the title of an assignee under the Kentucky law and that of a trustee under the bankruptcy law, we cannot apply to this case the holding in the Daviess County Bank Case, because we are here construing a federal law, and are bound to follow York v. Cassell, supra, and to say that a bankruptcy trustee does not have the right of avoidance given to "any creditor" by section 1908. The trustee in this case, therefore, cannot deny the right of the bank to receive and keep the $850 upon which this contract lien existed.

5. The bank's right to lien or set-off attached only to the deposit as it existed when the petition in bankruptcy was filed. It cannot attach to the deposits made at a later hour. No question of intent to give or receive a preference is reached in this case, and it is immaterial whether either the bank or the bankrupt knew that the petition had been filed; the payment of the remainder of the note was unauthorized. True, the lack of power to make the payment was dependent on the contingency that the proceedings should ripen into an adjudication, but the contingency did happen, and the bankrupt's title failed, by relation, as of the moment of filing the petition. Everett v. Judson, supra. The trustee is entitled to decree for $142, with interest at the legal rate since the payment.

The trustee will recover the costs of this court upon the appeal, and the record be remanded for further proceedings in accordance herewith.