<hr />

### In re LOUIS NEUBURGER, Inc.

### In re MILKMAN.

(Circuit Court of Appeals, Second Circuit. February 27, 1917.)

#### No. 182.

1. BANKRUPTCY �köm20(1)—PROCEEDINGS—POWER OF BANKRUPTCY COURT.

    A general assignment having been made, a petition in bankruptcy was filed, upon which the assignor was adjudicated a bankrupt. After adjudication, the assignee filed his accounts in the state court, and they were approved. *Held* that, as the jurisdiction of the court of bankruptcy is paramount, and cannot be defeated by proceedings under the state law, the assignee was properly required to account to the bankruptcy court.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 1331.]

2. BANKRUPTCY ⊛60—ACTS OF BANKRUPTCY—ASSIGNMENTS.

    An assignment for the benefit of creditors is itself an act of bankruptcy, though the assignment remains valid until an adjudication in

<hr />

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bankruptcy is made; it being regarded as potentially a fraud upon the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544) and the creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Louis Neuburger, Incorporated. Petition by Walter B. Milkman, as assignee of the bankrupt, to revise an order of the District Court (233 Fed. 701), affirming an order of the referee directing the assignee to account to the District Court. Order affirmed.

On January 11, 1916, Louis Neuburger, Incorporated, a corporation residing in Bronx county, state of New York, made an assignment for the benefit of creditors to one Walter B. Milkman who accepted and at once entered on the performance of his duties. On January 21, 1916, a petition in bankruptcy was filed against the assignor and on February 14, 1916, it was duly adjudicated a bankrupt. The assignee for the benefit of creditors filed his report and accounts with the clerk of Bronx county, and on April 3, 1916, the County Court of Bronx County entered an order passing and approving the assignee's accounts. The assignee thereupon served upon the trustee in bankruptcy a copy of the order of the Bronx County Court, together with a check for the moneys payable to the trustee pursuant to the said order. Upon the application of the trustee the referee entered an order on April 5th directing the assignee to file his report and accounts as assignee in the United States District Court on or before April 7, 1916. The assignee thereupon petitioned for a review of the order, which was heard and denied by District Judge Augustus N. Hand.

Walter B. Milkman, in pro. per.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). [1, 2] The assignee for creditors claims that the order of the District Court requiring him to file his accounts in that court is erroneous. He asserts that he had a right to account to the state court, from which he derived his authority, and he denies the power of the trustee to compel another accounting in the federal court; the matter being res adjudicata by the action of the state court.

Under the Bankruptcy Act an assignment for the benefit of creditors is in itself an act of bankruptcy. The assignment remains valid, unless and until an adjudication in bankruptcy is made. It is properly regarded as potentially a fraud upon the Bankruptcy Law and upon the creditors, since its necessary effect would be to defeat the operation of the Bankruptcy Law and to deprive creditors of the protection that that law affords them and the provisions it makes for a speedy and equal distribution of the estate. In re Gutwillig, 92 Fed. 337, 34 C. C. A. 377.

If an adjudication in bankruptcy follows an assignment, it has the effect of automatically and of its own force avoiding the assignment. The trustee immediately becomes invested with title to the property. He does not take title as the successor of the assignee, but as the successor of the bankrupt. It becomes at once the duty of the assignee to turn over to the trustee, when elected, the estate covered by the as-

signment, and in the meantime to preserve the estate intact. If he does more than that, he assumes the risk of his conduct, as he is chargeable with knowledge of the extent of his powers. The adjudication of the assignor in bankruptcy invests the bankruptcy court from that time with exclusive jurisdiction of the bankrupt's estate. There can be no question of concurrent jurisdiction with the state court in respect thereof. As the Supreme Court declared in Re Watts, 190 U. S. 1, 27, 23 Sup. Ct. 718, 724 (47 L. Ed. 933):

"The operation of the bankruptcy laws of the United States cannot be defeated by insolvent commercial corporations applying to be wound up under state statutes. The bankruptcy law is paramount, and the jurisdiction of the federal courts in bankruptcy, when properly invoked, in the administration of the affairs of insolvent persons and corporations, is essentially exclusive."

As the jurisdiction over the bankrupt's estate is exclusive, it follows necessarily that the jurisdiction of the state court is at once superseded upon the adjudication of bankruptcy, and that there is no authority in that court thereafter to authorize any expenditures from the estate the title being at the time in the trustee in bankruptcy. The matter was thoroughly considered by District Judge Augustus N. Hand, and his opinion is satisfactory to this court. The state court was without jurisdiction to settle the accounts of the assignee. It is his plain duty to account in the bankruptcy court for the assets of the bankrupt estate which came into his hands as assignee.

Order affirmed.