In re DIAMOND'S ESTATE.

Petition of FRANKENSTEIN.

(Circuit Court of Appeals, Sixth Circuit. January 7, 1919.)

No. 3173.

1. BANKRUPTCY ⬤⟹20(2)—POWER OF COURT OVER STATE COURT RECEIVER.
The federal bankruptcy court had power by summary order to compel the state court receiver of an insolvent partnership to turn over money in his possession to the bankruptcy court, to await its action on the question of compensation, fees, and disbursements of the receiver.

2. BANKRUPTCY ⬤⟹101—CUSTODY OF PROPERTY.
From the time petition in bankruptcy was filed the property of the bankrupt estate was constructively in the custody of the law.

3. BANKRUPTCY ⬤⟹210—EXCLUSIVE JURISDICTION—ADJUDICATION OF DISTRICT COURT.
On an adjudication of bankruptcy, the District Court acquired an essentially exclusive jurisdiction to administer the estate of the bankrupts generally, including the determination of liens on their property, as well as questions of disbursements and distribution generally.

4. BANKRUPTCY ⬤⟹210—JURISDICTION OF COURT—PROPERTY IN CONSTRUCTIVE POSSESSION.
The property which, by bankruptcy adjudication, became subject to the jurisdiction of the District Court to settle adverse claims included that in the court's constructive as well as in its actual possession.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. BANKRUPTCY ⬤⇒152—TITLE OF TRUSTEE—RELATION BACK.**

On an adjudication of bankruptcy, the trustee's title to the property and funds of the bankrupts related back to the time of filing the petition for bankruptcy adjudication.

**6. BANKRUPTCY ⬤⇒20(2)—EXCLUSIVE JURISDICTION OVER PROPERTY—SURRENDER—POWER OF STATE COURT.**

The bankruptcy court, having made an adjudication, was not at liberty to surrender its exclusive jurisdiction over property of the bankrupt estate in its actual or constructive possession, and the state court, which had appointed a receiver for the estate, no longer had any power so to dispose of it as to deprive the bankruptcy court of power finally to determine the propriety of the disposition.

**7. BANKRUPTCY ⬤⇒20(2)—COMPENSATION AND ALLOWANCES OF STATE COURT RECEIVER—DETERMINATION BY BANKRUPTCY COURT.**

The ultimate determination of the question of the compensation and allowances of a state court receiver *held*, under the facts, to rest with the federal bankruptcy court, which adjudicated that the firm involved was bankrupt, taking into consideration the extent to which the estate had been benefited.

**8. BANKRUPTCY ⬤⇒288(2)—JURISDICTION OVER STATE COURT RECEIVER—FUND ADVERSELY HELD.**

If the state court receiver, when bankruptcy intervened, was holding a particular fund of the estate adversely to the bankrupts or their estate, jurisdiction was lacking in the federal bankruptcy court by summary proceedings to order the receiver to turn the fund over to the trustee in bankruptcy, but there was jurisdiction if the fund was not adversely held.

**9. BANKRUPTCY ⬤⇒288(3)—JURISDICTION OF BANKRUPTCY COURT—POSSESSION OF ASSIGNEE FOR CREDITORS—ADVERSE CHARACTER.**

Possession of an assignee for the benefit of creditors is not adverse to the bankrupt or his estate.

**10. BANKRUPTCY ⬤⇒288(2)—JURISDICTION OF COURT—TRANSFER OF ASSETS BY STATE COURT RECEIVER—ADVERSE CHARACTER OF HOLDING.**

A state court receiver of an insolvent partnership, when bankruptcy of the firm intervened, held its funds, not in his own right, but merely in an official capacity, and as a hand of the court, not adversely to the bankrupt or his estate, so as to deprive the bankruptcy court of jurisdiction by summary proceedings to order the fund turned over to the trustee.

**11. BANKRUPTCY ⬤⇒288(2)—JURISDICTION OF COURT TO ORDER TRANSFER OF FUNDS—ADVERSARY HOLDING BY STATE COURT RECEIVER.**

That the state court receiver of an insolvent partnership disbursed a fund under the state court's order did not convert his holding, formerly non-adverse to the partners or their estate, into one of an adversary character depriving the federal bankruptcy court of jurisdiction by summary order to order him to transfer funds to the trustee in bankruptcy, where the receiver at the time knew of the bankruptcy proceedings, and of efforts of the bankruptcy court to prevent disbursement.

**12. BANKRUPTCY ⬤⇒296—ACTION BY RECEIVER IN STATE COURT—ELECTION OF REMEDIES.**

A bankrupt's receiver, by going into the state court, which had appointed receiver for the insolvent estate, to ask the court to direct its receiver to turn over funds to the bankruptcy receiver, did not finally elect such remedy, submitting himself to the jurisdiction of the state court, and inviting its adverse order, so as to deprive the federal bankruptcy court of jurisdiction to order transfer of the fund by the state court receiver to the bankruptcy trustee.

**13. BANKRUPTCY ⬤⇒296—JURISDICTION OF COURT—PENDENCY OF APPEAL IN STATE COURT.**

Pendency of proceedings in state appellate court for review of state court's action setting aside previous order for compensation of its re-

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ceiver *held* not to affect the jurisdiction of the federal bankruptcy court to make a summary order that the state court receiver transfer assets to the bankruptcy trustee.

Petition to Revise an Order of the District Court of the United States for the Western Division of the Southern District of Ohio; John E. Sater, Judge.

In the matter of the estate of Joseph Diamond and others, copartners doing business as the Eagle Suit & Skirt Company, bankrupts. On petition of Eli G. Frankenstein, receiver appointed by a state court, to revise an order directing him, as receiver of the bankrupts, to pay money to the trustee in bankruptcy. Order affirmed.

W. B. Mente, of Cincinnati, Ohio, for petitioner.

Walter A. De Camp, of Cincinnati, Ohio, for respondent.

Sidney G. Stricker, of Cincinnati, Ohio, and Saul S. Myers, of New York City, for Gera Mills and others, creditors.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. The order under review is one directing a state court receiver of the estate of the present bankrupts to pay certain moneys to the trustee in bankruptcy of that estate.

On September 17, 1917, the superior court of Cincinnati, in a partnership dissolution proceeding, instituted by one of the bankrupt partners, appointed petitioner receiver. Under intervening petitions for adjudication of bankruptcy, the first filed October 5, 1917, charging as acts of bankruptcy (a) the application by the debtors, while insolvent, for a receiver of all their property, and the appointment of such receiver because of such insolvency, and (b) a preferential payment (the original petition, filed October 4th, charging only the second act stated), the bankruptcy court on October 22d following appointed a receiver, with instructions to apply to the state court for an order directing the receiver of that court to turn over all the debtor's assets to the bankruptcy receiver. The state court thereupon, on October 23d, ordered its receiver to make such complete delivery, excepting $1,175 then and there awarded by the state court to the receiver for his services, counsel fees, and other expenses. On October 29th, delivery, with the exception stated, was made, and on that date the superior court, on petitioner's application, directed its receiver to disburse the $1,175 in question; the receiver being thereupon discharged.

On the same date the bankruptcy court directed its receiver to request the superior court to set aside its orders of October 23d and October 29th. This request was complied with by the state court on November 21st, upon the ground that "the United States District Court in Bankruptcy has found that it had exclusive jurisdiction in the premises, and that this court was without jurisdiction to enter same," and its former receiver was ordered to pay to the bankruptcy receiver the money in question. Meanwhile, on November 10th, bankruptcy adjudication was had, and on November 24th, on application of the bankruptcy receiver (apparently no trustee had then been appointed), the petitioner herein was ordered to show cause why he should not pay the money in question. After an extended hearing

petitioner was ordered to make such payment to the trustee in bankruptcy; the question of the allowance to the receiver for his services and expenditures being expressly reserved for further hearing by the bankruptcy court, upon the filing of his account with appropriate application. Under the order of this court the fund in question has been paid to the trustee in bankruptcy, without prejudice to petitioner's rights. It seems to have been conceded below that the partnership was actually insolvent when the state receivership was applied for, although the receivership was neither ordered nor asked for on that ground.

[1-6] The broad question involved is whether the bankruptcy court had power, by summary order, to compel the state court receiver to turn over the money to the bankruptcy court, to await its action upon the question of compensation, fees, and disbursements of that receiver. We think this question must be answered in the affirmative. From the time the petition in bankruptcy was filed the property of the bankrupt estate was constructively in the custody of the law. Acme Co. v. Beekman Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208. Upon the adjudication of bankruptcy, the District Court acquired jurisdiction essentially exclusive to administer the estate of the bankrupts generally, including the determination of claims to or liens upon their property, as well as questions of disbursement and distribution generally. In re Watts & Sachs, 190 U. S. 1, 27, 23 Sup. Ct. 718, 724 (47 L. Ed. 933); [1] U. S. Fidelity Co. v. Bray, 225 U. S. 205, 217, 32 Sup. Ct. 620, 56 L. Ed. 1055; In re Martin (C. C. A. 6) 193 Fed. 841, 846, 113 C. C. A. 627. The property so subject to its jurisdiction included that in its constructive as well as in its actual possession (Orinoco Co. v. Metzel [C. C. A. 6] 230 Fed. 40, 144 C. C. A. 338); and upon the adjudication of bankruptcy the trustee's title to the property and funds of the bankrupt related back to the time of filing the petition for bankruptcy adjudication (Everett v. Judson, 228 U. S. 474, 478, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; Bailey v. Baker Co., 239 U. S. 268, 275, 276, 36 Sup. Ct. 50, 60 L. Ed. 275; Toof v. Bank [C. C. A. 6] 206 Fed. 250, 251, 124 C. C. A. 118. This exclusive jurisdiction the bankruptcy court was not at liberty to surrender (Fidelity Co. v. Bray, supra, 225 U. S. at page 218, 32 Sup. Ct. 620, 56 L. Ed. 1055); and after bankruptcy supervened the state court (broadly speaking) no longer had power, unless under circumstances of emergency not applicable to the order here, to so dispose of the bankrupts' estate, in whole or in part, as to deprive the bankruptcy court of power to determine finally the propriety of such disposition.

---

[1] "The general rule as between courts of concurrent jurisdiction is that property already in the possession of the receiver of one court cannot rightfully be taken from him without the court's consent, by the receiver of another court appointed in a subsequent suit, but that rule can have only a qualified application where winding up proceedings are superseded by those in bankruptcy as to which the jurisdiction is not concurrent. Still it obtains as a rule of comity, and accordingly the receiver of the [bankruptcy court] brought his appointment to the knowledge of the [state court] and requested the delivery of the assets."

[7] Assuming that the action of the state court in respect to allowances to its receiver was presumptively correct and just, and that the bankruptcy court will give due weight to this presumption, yet the ultimate determination of that question must, under the facts of this case, rest with the court of bankruptcy, taking into account equitable considerations and the extent to which the bankrupt estate has been benefited by the services and disbursements of the state court receiver. In re Watts & Sachs, supra; In re Zier & Co. (C. C. A. 7) 142 Fed. 102, 103, 73 C. C. A. 326; Hume v. Myers (C. C. A. 4) 242 Fed. 827, 830, 831, 155 C. C. A. 415; In re Neuburger (C. C. A. 2) 240 Fed. 947, 153 C. C. A. 633. Any other rule would, pro tanto, take the ultimate distribution of the assets of the bankrupt estate out of the hands of the bankruptcy court. We have no occasion to consider what the effect would have been had the state court fixed its receiver's compensation and allowances for merely the 18 days prior to bankruptcy. No action thus limited was had or asked, and the superior court, as the court of appointment, has since surrendered any claim of control over the subject. As the case stands, orderly administration will be best effected by treating the entire period of service as a unit.

[8-10] As to the remedy: The question of ultimate importance is whether or not the petitioner, at the time bankruptcy intervened, was holding the fund in question adversely to the bankrupts or their estate. If so, jurisdiction by summary proceeding was lacking. Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413. On the other hand, there was jurisdiction to compel the surrender of the fund, if not so adversely held. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. It is well settled that the possession of an assignee for the benefit of creditors is not adverse to the bankrupt or his estate. Bryan v. Bernheimer, 181 U. S. 188, 192, 193, 21 Sup. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, supra, 184 U. S. at page 70, 22 Sup. Ct. 269, 46 L. Ed. 405; In re Stewart (C. C. A. 6) 179 Fed. 222, 225, 102 C. C. A. 348; In re Neuburger, supra. In such case it is held that the adjudication in bankruptcy automatically and of its own force avoids the assignment and terminates the right of possession by the assignee. While the possession of the state court's receiver differed in some respects from that of an assignee for the benefit of creditors, in that the latter holds merely as an agent or representative of the bankrupt himself, yet we think the difference not conclusive. When bankruptcy intervened, the receiver was holding not in his own right, but merely in an official capacity and as the hand of the court, and not, we think, adversely to the bankrupts or their estate, within the meaning of the law. In re Watts & Sachs, supra, 190 U. S. at page 27, 23 Sup. Ct. 718, 47 L. Ed. 933; Hooks v. Aldridge (C. C. A. 5) 145 Fed. 865, 76 C. C. A. 409; In re Hecox (C. C. A. 8) 164 Fed. 823, 90 C. C. A. 627. Had the state court made before bankruptcy an order for compensation, and had disbursement thereunder been made before the commencement of bankruptcy proceedings (as was the case in Louisville Trust Co. v. Comingor, supra), the situation would have been different.

[11] The fact that petitioner disbursed the $1,175 fund under the state court's order of October 29th did not convert a formerly non-adverse holding into one of an adversary character; for he then knew of the bankruptcy proceedings and of the efforts of the bankruptcy court then and there being made to prevent such action. Bryan v. Bernheimer, supra, 181 U. S. at pages 191 and 193, 21 Sup. Ct. 557, 45 L. Ed. 814.

[12] The proposition that the bankruptcy court had no power to authorize its receiver (as distinguished from a trustee) to take possession of the fund is answered by what is said in Bryan v. Bernheimer, supra, 181 U. S. at page 195, 21 Sup. Ct. 557, 45 L. Ed. 814, and in Lazarus v. Prentice, 234 U. S. 263, 266, 34 Sup. Ct. 851, 58 L. Ed. 1305. We see no merit in the proposition that the bankruptcy receiver, by going into the state court (as was highly proper in the observance of due comity) to ask that court to direct its receiver to turn over the fund to the bankruptcy receiver, thereby elected that remedy, so submitting himself to the jurisdiction of the state court and inviting the order complained of. The course taken by the bankruptcy receiver was designed to prevent that very action.

[13] The pendency of proceedings in the state appellate court for review of the state court's action of November 21st, setting aside its previous order for compensation, is not and could not well be urged against the jurisdiction of the bankruptcy court. The commendable action of the state court last referred to terminated any conflict between the federal and state courts. The legality of that order and of its predecessors, as affecting the jurisdiction of the bankruptcy court, is one arising under the bankruptcy law, which it is our duty to decide.

The discussion in the opinion of the District Court respecting the professional conduct of certain counsel for the receiver has, in our opinion, no relation to the questions purely of law involved in the preliminary determination whether the state receiver should pay the fund to the trustee in bankruptcy, subject to later action upon the merits of the receiver's claim. We have accordingly not considered that subject, and must not be understood as expressing any opinion upon its merits.

The order of the District Court is affirmed.