## In re PORTAGE RUBBER CO.

## BAIRD RUBBER & TRADING CO., Inc., v. BATES.

(Circuit Court of Appeals, Sixth Circuit. March 14, 1924. On Reconsideration, April 11, 1924.)

### No. 3935.

1. **Bankruptcy ⬅318(2)—Filing of involuntary petition equivalent to disablement to perform contract, and seller had option to treat contract as ended.**

   Filing of involuntary petition, resulting in an adjudication of bankruptcy, was the equivalent of a disablement to perform a contract to purchase on the part of the bankrupt, and the seller thereupon had the option to treat the contract as ended, as far as further performance was concerned, as of the date of the filing of the petition, and to maintain an action to recover damages as for anticipatory breach.

2. **Bankruptcy ⬅318(2)—Damages to seller to be computed as of date of filing of involuntary petition, and not as of date of adjudication.**

   Where bankrupt entered into contract to purchase rubber, and seller delayed shipment of part of it on request of bankrupt, and an involuntary petition in bankruptcy was then filed, and meanwhile the price of rubber rapidly declined, the seller's claim for damages is to be computed as of the date of the filing of the petition, and not as of the date of adjudication, under Bankruptcy Act, § 63a (4), being Comp. St. § 9647.

3. **Bankruptcy ⬅318(2)—Debt to be proved must be in existence at time of filing of petition.**

   A debt arising from an anticipatory breach of an executory contract may be proved, under Bankruptcy Act, § 63a (4), being Comp. St. § 9647, and liquidated, under section 63b, solely on the hypothesis that it was in existence at the time of the filing of the petition.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

In the matter of the estate of the Portage Rubber Company, bankrupt; George D. Bates, trustee. From a final judgment entered after overruling of exceptions to the report of the master, the Baird Rubber & Trading Company, Inc., appeals. Affirmed.

Jesse P. Dice, of Akron, Ohio, for appellant.

W. E. Young, of Akron, Ohio, for appellee.

Before DENISON and DONAHUE, Circuit Judges, and HICKENLOOPER, District Judge.

HICKENLOOPER, District Judge. On March 14, 1921, Baird Rubber & Trading Company, Inc., appellant herein, entered into two written contracts for the sale of rubber to the Portage Rubber Company, for arrival and delivery in New York City in May and June of that year. Part of the rubber so sold was delivered in accordance with the contract, and delivery of the balance was postponed upon request of the purchaser. On May 31, 1921, three creditors of the Portage Rubber Company filed a petition in involuntary bankruptcy against it, and immediately afterward the Portage Rubber Company filed its answer, admitting the allegations of the petition and averring its willingness to be adjudicated a bankrupt. The adjudication was made on June 21, 1921.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

During the 21 days between the filing of the petition in bankruptcy and the adjudication, the price of rubber declined rapidly and continuously. The Baird Rubber & Trading Company, Inc., filed its petition in the District Court for an order directing the manner in which its claim might be liquidated, contending that it was entitled to the sum of $17,358.19, the difference between the contract price and the market price of the undelivered portion of the rubber as of the date of the adjudication. The matter was referred to a master, who reported in favor of an allowance of the claim only in the sum of $9,183.14, the difference between the contract and market prices on the day of the filing of the petition in bankruptcy. Exceptions were filed to this report of the master, which were subsequently overruled by the District Court and the Baird Rubber & Trading Company, Inc., appeals from the final judgment entered.

[1] The sole question involved in this appeal is therefore whether, under the facts stated, the damages should be computed as of May 31, 1921, the date of the filing of the petition in bankruptcy, or as of June 21, 1921, the date of the adjudication. It is not disputed that the filing of the involuntary petition, resulting in an adjudication of bankruptcy, was the equivalent of a disablement to perform on the part of the Portage Rubber Company, and that the Baird Rubber & Trading Company, Inc., thereupon had the option to treat the contract as ended, as far as further performance was concerned, and to maintain an action to recover damages as for anticipatory breach. Central Trust Co. v. Chicago Auditorium, 240 U. S. 581, 36 Sup. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580. In that case, after a review of the earlier authorities as to the effect of bankruptcy upon executory contracts and the provable nature of claims based upon such contracts (see Ex parte Pollard, 2 Low. 411, Fed. Cas. No. 11252; In re Swift [C. C. A. 1] 112 Fed. 315, 50 C. C. A. 264; In re Stern [C. C. A. 2] 116 Fed. 604, 54 C. C. A. 60; In re Pettingill & Co. [Dist. Court, Mass.] 137 Fed. 143, 146, 147; In re Neff [C. C. A. 6] 157 Fed. 57, 61, 84 C. C. A. 561, 28 L. R. A. [N. S.] 349) the Supreme Court holds at page 592 (36 Sup. Ct. 415):

"We conclude that proceedings, whether voluntary or involuntary, resulting in an adjudication of bankruptcy, are the equivalent of an anticipatory breach of an executory agreement, within the doctrine of Roehm v. Horst, supra."

The earlier cases are reviewed in the careful and comprehensive opinion of the court below, and it is unnecessary to re-examine each of these cases in detail. It is sufficient to note that in none of them, apparently, is the present question directly presented as a controlling element of consideration. The expressions in the opinions as to the date at which damages are to be computed, being made only incidentally and upon an issue not seriously controverted, should not be given undue weight, nor accorded greater force than is usually given to such dicta. The question is here presented as one of first impression.

Unquestionably the general rule is that damages shall be computed as of the date of the breach. On behalf of the appellant it is urged that the date of such breach cannot be definitely fixed as the date of the filing

of an involuntary petition in bankruptcy, for such petition may be defended by the alleged bankrupt or by creditors, and subsequently dismissed, either because the alleged bankrupt is solvent or because he has committed no act of bankruptcy; that the vendor to an alleged bankrupt cannot feel free to consider himself discharged from the contract obligations, and free to dispose of his goods elsewhere, until the final adjudication of bankruptcy; and that section 63a (4) of the Bankruptcy Act (Comp. St. § 9647) specifically permits the proving of claims in bankruptcy proceedings which are "founded upon an open account, or upon a contract, express or implied," although the right of action, as in the case of an indorser of commercial paper or a surety, does not accrue to the creditor until after the adjudication; and that this is such a case.

In none of these contentions do we find such persuasiveness as overcomes the balance of convenience of the contrary rule or the general intent of the entire Bankruptcy Act. The manifest purpose of the Bankruptcy Act is that the insolvent debtor shall be relieved of his debts and that his property shall be ratably distributed among his creditors. Williams v. U. S. Fidelity Co., 236 U. S. 549, 554, 35 Sup. Ct. 289, 59 L. Ed. 713; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 307, 32 Sup. Ct. 96, 56 L. Ed. 208. To this end it is highly desirable, if not absolutely essential, that some definite date shall be fixed as of which the debtor's property shall be distributed among those to whom he then owes debts. It is not reasonable that debts not owing at that date should share in the distribution, any more than that property subsequently acquired should be applied to pay pre-existing debts. See Everett, Tst. v. Judson, 228 U. S. 474, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154.

[2] This date for the balancing of accounts might have been fixed as of the date of adjudication, but by the Bankruptcy Act itself, and the authorities under it, has in fact been fixed as the date of the filing of the petition, whether voluntary or involuntary. It is the solvency or insolvency of the debtor at the date of filing the petition, and the commission of an act of bankruptcy within four months prior to that date, which determines his status as a bankrupt. Upon election the title of the trustee relates back to the date of the petition. Toof v. City Nat. Bank (C. C. A. 6) 206 Fed. 250, 124 C. C. A. 118. The petition is a caveat to the world, and the trustee, with some exceptions not applicable here (see Bank v. Johnson [C. C. A. 6] 286 Fed. 527), is entitled to the property of the bankrupt as of the date of the petition without regard to transactions of the bankrupt in the interim (Acme Harvester Co. v. Beekman Lumber Co., supra; Everett, Tst. v. Judson, supra). And it would seem from a reading of section 63 of the act that it is debts which are owing at the time the petition is filed, although not yet due and unliquidated, and those only, which may be proved. In the case of Zavelo v. Reeves, 227 U. S. 625, 631, 33 Sup. Ct. 365, 368 (57 L. Ed. 676, Ann. Cas. 1914D, 664), the Supreme Court says:

"But, reading the whole of section 63, and considering it in connection with the spirit and purpose of the act, we deem it plain that the debts founded upon open account, or upon contract, express or implied, that are provable un-

der section 63a (4), include only such, as existed at the time of the filing of the petition in bankruptcy."

See, also, In re Reading Hosiery Co. (D. C.) 171 Fed. 195, 197.

The instances of the indorser of commercial paper of the bankrupt or of his surety upon a bond, who upon payment is subrogated to the rights of the principal creditor, are as clearly within the letter and spirit of section 63a (4), since the debt or obligation was owing at the time of the filing of the petition, although not yet due, or even contingent and unliquidated, as the cases in the law of real property and of installments of alimony not yet accrued (Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084) are outside the provision. Not only are the manifest intent, spirit, and purpose of the Bankruptcy Act given effect by the adoption of the date of the filing of the petition as the date governing all rights of creditors, but uniformity of practice and procedure under both voluntary and involuntary petitions is thereby secured. This is a further desirable feature.

It is true that in a fluctuating market, with a downward trend, embarrassment may frequently be felt by a vendor after the filing of the petition and before adjudication; but, as has been pointed out in the court below, the adoption of the date of adjudication as the date as of which damages shall be computed would not relieve the vendor of this embarrassment, for if the market trend turned upward between the date of adjudication and the election of a trustee, the trustee could still elect to rehabilitate the contract and to perform it. This would require the vendor to likewise stand ready to perform until the date of such possible election were past.

[3] But one other observations remains to be made. We think it manifest, from the language of the Supreme Court in Central Trust Co. v. Chicago Auditorium, supra, at page 592 (36 Sup. Ct. 415), as well as from the language quoted above from Zabelo v. Reeves (cited with approval in Everett v. Judson, supra, at page 479 [33 Sup. Ct. 569]), that the debt arising from such anticipatory breach of an executory contract may be proved under section 63a (4), and liquidated under section 63b of the Bankruptcy Act, solely on the hypothesis that the debt was in existence at the time of filing the petition. Since the right of the vendor to consider the contract breached upon the disablement of the vendee is purely optional with the vendor, the existence of a right in the vendor to prove his debt can only be supported upon the assumption that by the doctrine of relation or otherwise the vendor has elected to treat the contract as anticipatorily breached as of the date of the filing of the petition. It is only upon this assumption that the vendor could prove his debt at all. He would otherwise retain his claim, not provable in the then proceeding, which, while it might be of value as against an individual debtor, not being discharged, would be of no value whatever against a bankrupt corporation. Thus in order to prove his claim at all in the bankruptcy proceeding the vendor creditor must take the position that when the adjudication took place the disablement of the vendee became complete, and the then election of the vendor to treat this disablement as an anticipatory breach of the contract was

made as of the date of the filing of the petition, or related back to that date.

While the adjudication is an essential element of the existence of an anticipatory breach of the contract, when such adjudication is made, the breach must be related back to the time of the filing of the petition, in order to make the claim of damages therefor provable at all. If adjudication is avoided by the vendee, the matter is then left as if no option had ever been afforded the vendor to treat the contract as breached. It is not the filing of the petition, but the filing of the petition followed by adjudication, which gives the vendor the option to treat the contract as breached, but the option to so treat the contract is an option to treat the breach as occurring on the date of the filing of the petition.

Upon a consideration of the act as a whole, its intent as expressed, its purpose and spirit, and the cases construing and applying its provisions, we are of the opinion that the balance of convenience and reason fixes the time of filing the petition as the time as of which damages for anticipatory breach of an executory contract shall be computed, both in cases of involuntary as well as voluntary petitions. The instant case would perhaps not require so broad a ruling, since the alleged bankrupt filed with the petition an answer admitting insolvency and consenting to be adjudicated a bankrupt, and would probably be estopped thereafter to deny its disablement to perform, thus likewise freeing the vendor from any obligation to await adjudication; but the principle is stated thus broadly in the interest of a definite ruling for future guidance in all cases.

The judgment of the District Court is affirmed.

### On Reconsideration.

Ordered, That the opinion on file be amended by adding the following paragraph:

Counsel presented to the court below and to this court only the question of choice between the day of filing and the day of adjudication as the day at which the market value should be taken. We do not intend to decide any other question. Whether the price at the originally fixed date of performance would be important, and whether the option of the supposed vendor would be precisely that above stated, or a somewhat different option, are questions not now controlling, and hence not intended to be now concluded. And the above statement, that ordinarily damages are to be computed as of date of the breach, is not intended to state an established rule in cases of anticipatory breach of contract.