## COPPARD v. BANKERS' LIFE CO.
### (No. 7748.)

Court of Civil Appeals of Texas. San Antonio.
April 6, 1927.

Rehearing Denied May 4, 1927.

1. **Bankruptcy** 143(12)—Where surrender value of insurance policy had been exhausted by loan to insured, trustee in bankruptcy could not recover surrender value.

Where surrender value of life insurance policy had been exhausted by loan to insured, with exception of small amount, trustee in bankruptcy of insured could not recover more from insurance company than the small amount in excess of loan.

2. **Insurance** 179½—Written instrument, evidencing loan to insured by insurer, need not be recorded as chattel mortgage (Rev. St. 1925, art. 5490).

Written instrument, evidencing loan from insurance company on life insurance policy to insured, need not be recorded as chattel mortgage under Rev. St. 1925, art. 5490.

3. **Bankruptcy** 143(12)—Creditors of insured had no interest in surrender value of life insurance policy until petition for bankruptcy was filed.

Creditors of insured had no interest in surrender value of life insurance policy until petition for bankruptcy was filed.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Suit by M. Coppard, trustee in bankruptcy for the estate of Malcolm C. Warner, against the Bankers' Life Company. From the judgment, plaintiff appeals. Affirmed.

Jas. D. Crenshaw, of San Antonio, for appellant.

S. C. Eldridge, of San Antonio, and W. S. Ayres and R. B. Alberson, both of Des Moines, Iowa, for appellee.

FLY, C. J. This is a suit for $310.34, instituted by appellant, trustee in bankruptcy for the estate of Malcolm C. Warner, whose petition in bankruptcy was filed in the federal District Court on August 11, 1925. The suit was brought against appellee to recover the cash surrender value of a certain policy of insurance for $2,000 on the life of Malcolm C. Warner. Appellee claimed to have made a loan to Warner on June 10, 1925, of $306, in accordance with the terms of the policy, which Warner had agreed to repay with 6 per cent. interest to appellee, and deposited the assigned policy with appellee as security for the loan. Appellee claimed all of the surrender value of the policy on the debt except $1.22, which was tendered to appellant. The cause was tried by the court, and judgment rendered that appellant recover for $1.22 and that appellee recover all costs.

There are findings of fact by the county judge as well as an agreement as to the facts proved. It appears from both that Coppard was the duly appointed trustee in bankruptcy for the estate of Malcolm C. Warner, who was adjudged a bankrupt on August 11, 1925, and attached his life policy in Bankers' Life Company to his schedule of assets. The date of the policy was August 17, 1921, and was in full force when the petition in bankruptcy was filed and is still in effect. On August 11, 1925, the surrender value of the policy was $310.34, which Warner has failed and refused to pay to Coppard, trustee, claiming that he should pay the same to appellee to repay a loan, except the sum of $1.22, which appellee tendered to appellant. On June 10, 1925, Warner borrowed from appellee the sum of $306, and gave a written instrument to evidence the same, and the policy was, according to the instrument, deposited with it to secure the same. However, the policy was left in the hands of Warner, and the instrument was not recorded in the county clerk's office of Bexar county.

[1] At the time that the petition in bankruptcy was filed, the insurance company owed only $1.22 to Warner, because he had obtained all of the surrender value of the policy except that sum. The creditor would have no greater claim against the insurance company than Warner had. The surrender value of the policy had been exhausted by a loan to Warner, with the exception of the small amount mentioned, and nothing more could be demanded by the trustee in bankruptcy. As said in Joyce on Insurance, § 2341, p. 4000:

"If the policy has no such cash surrender value or if such surrender value is exhausted by a loan by the assignee, it does not pass as general property to the trustee, but remains the bankrupt's property."

Again, in the same section it is said:

"Again, it is decided that under said act (Bankruptcy Act [U. S. Comp. St. §§ 9585–9656]) the only right of a trustee in bankruptcy to the bankrupt's life insurance relates to those policies that have a cash surrender value payable to the bankrupt, his estate or personal representative, and the amount of said cash surrender value on the date of filing

the petition in bankruptcy constitutes the measure of such right; otherwise and in all other respects said policies of life insurance, and the avails thereof are not property to which such trustee has any claim, but they remain the property of the bankrupt without any limitation."

The cash value of the policy to Warner at the time he filed his petition in bankruptcy was $1.22; the balance of the cash surrender value having been paid to him months before. The beneficiary in the policy was Warner's wife.

In the case of Burlingham v. Crouse, 228 U. S. 459, 33 S. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148, the policy had been transferred to the insurance company to secure a loan, and the Supreme Court of the United States said:

"It appears that the policies had a cash surrender value, which at the time when the trustees qualified was $15,370, or the amount of the loan of the Equitable Society upon the policies. It is therefore apparent that on the day when the petition was filed, as well as the day of the adjudication in bankruptcy, the cash surrender value would not have exceeded the loan and lien of the society upon the policies. The Circuit Court of Appeals for the Second Circuit held that, under the circumstances, the policies did not pass to the trustees as assets, and therefore the action which had been begun to set aside the transfer to Crouse, as a preference within the Bankruptcy Act, could not be maintained."

The Supreme Court sustained the judgment of the lower court and held that the surrender value of the policy did not belong to the trustee. That case is directly in point in this. See, also, Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154.

[2, 3] We do not think that the instrument in writing, given by Warner to the insurance company, is included among the instruments intended to be recorded as a chattel mortgage by the terms of the statute (article 5490, Rev. Stats. 1925, old number, article 5655). Creditors had no interest in the surrender value of the policy until the petition for bankruptcy was filed. It was a matter concerning Warner and the insurance company and not creditors.

The judgment is affirmed.