In the Matter of the Accounting of MORTIMORE E. ROSS, as Assignee of the Estate of EWART & LAKE, INC., under a General Assignment for the Benefit of Creditors.

Supreme Court, Livingston County, October 31, 1930.

*A. C. Olp*, for the assignee.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave*, for Rochester Telephone Company.

*Scott W. Crane*, for certain creditors.

RODENBECK, J. The jurisdiction of the bankruptcy court over the estate of a bankrupt, who had, within four months of his adjudication, made an assignment for the benefit of his creditors, is exclusive (Bankruptcy Act, § 2; U. S. Code, tit. 11, § 11), and the action of the bankruptcy court cannot be controlled by any settlement of the assignee's account made by the State court or

by any allowances made in the proceeding. (*Matter of Neuburger*, 240 Fed. 947.)

Where an assignment for the benefit of creditors has been made, and thereafter, within four months, the assignor is declared a bankrupt, the assignment is void from the beginning, but this does not invalidate any claim for services or expenses incident to the assignment. (*Randolph* v. *Scruggs*, 190 U. S. 533.)

A claim for attorneys' fees, commissions and allowances may be urged in the State court, but any action taken thereon is not binding upon the bankruptcy court. The proceedings had in connection with the assignment are subject to examination and review by the bankruptcy court.

The State court, however, is not ousted of jurisdiction in relation to the assignment. (*Matter of Bieber*, 38 App. Div. 639; *Matter of Liebermann*, 44 id. 148.) It has jurisdiction over its proceedings, although it may have no control over the administration of the estate. The jurisdiction of the Supreme Court over its proceedings is not lost nor its powers paralyzed whenever an adjudication occurs within four months of a general assignment. The proceedings under the general assignment are still pending and the court may settle the account of the assignee and fix the attorneys' fees, assignee's commissions, and expenses of administration, and thus wind up the proceedings, subject, as heretofore stated, to the action of the bankruptcy court in relation thereto.

The account of the assignee is settled as presented, and the attorneys' fees, commissions and expenses will be fixed in the order made in accordance herewith.

So ordered.