## UNION GUARDIAN TRUST CO. v. LOHMANN.

### No. 6497.

Circuit Court of Appeals, Sixth Circuit.

Dec. 13, 1933.

Alex Glick, of Detroit, Mich., for appellant.

Paul R. Dailey, of Detroit, Mich., for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The Agricultural Life Insurance Company issued an insurance policy on the life of the bankrupt, naming his wife as beneficiary. The wife subsequently died. The premiums on the policy were due annually on June 2d, and were regularly paid until June 2, 1932, when there was a default. By the terms of the policy the insured was allowed thirty-one days of grace after default either to pay the premium or to elect between receiving the cash value of the policy or paid-up insurance, and, in the absence of payment or an election, the policy automatically became effective for extended insurance. The period of grace for payment of the premium in default expired July 3, 1932, and in the interim the insured neither paid it nor made an election. On July 12, 1932, he filed a voluntary petition in bankruptcy, and on the same day was adjudicated a bankrupt.

On July 28, 1932, the bankrupt paid the premium due June 2d. The insurance company accepted the payment and reinstated the policy. In compliance with the request of the trustee in bankruptcy, the bankrupt delivered the policy to it for examination. The trustee refused to return the policy unless it was paid $535, which it claimed to be the cash surrender value on the date the petition in bankruptcy was filed. Upon petition of the bankrupt, the referee ordered the trustee to return the policy, and the order was confirmed by the District Court.

Burlingham v. Crouse, 228 U. S. 459, 33 S. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148, establishes the rule that, under section 70a (11 USCA § 110 (a) of the Bankruptcy Act, life insurance policies which have no cash surrender value or on which the company has loaned the full surrender value, so that the policy has no such value remaining, do not pass to the trustee as general property. Everett v. Judson, 228 U. S. 474, 479, 33 S.

Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154, holds that the date of the filing of the petition determines what property vests in the trustee under 11 USCA § 110 (a).

All rights crystallized when the petition in bankruptcy was filed, and subsequent events can have no effect in determining the value of the policy. At that time the policy had no cash surrender value because the insured had not elected to claim it within the period of grace. There was no showing that the insurance company was willing to waive the failure to elect and pay the cash surrender value according to the table annexed to the policy, as in Hiscock v. Mertens, 205 U. S. 202, 27 S. Ct. 488, 51 L. Ed. 771. This table apparently provides for extended insurance, after the payment of the twelfth premium, for the life of the insured for the full amount of the policy with a cash payment of $81. As we cannot assume that the insurance company was willing to pay the cash surrender value as of June 2, 1932, as if the insured had elected to take it as provided by the policy, the only value which the policy had in addition to that of extended insurance for life or a paid-up policy was $81. The policy is not in the record, and we are left in the dark as to what it contains, except as to a few provisions. Whether the $81 is to be treated as a cash surrender value within the meaning of 11 USCA § 110 (a), cannot therefore be determined on the present record. In order that it may be determined in light of all policy provisions, the order is reversed and the cause remanded for further proceedings.