## JANDREW v. GUARANTY STATE BANK OF OVILLA, TEX.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1923.)

No. 3975.

Bankruptcy ⬅164—Set-off may be voluntarily made by parties before bankruptcy.

Payment by a bankrupt, immediately before and in contemplation of bankruptcy, of notes due a bank, by check on his deposit in such bank, as to which the bank would have had a right of set-off, under Bankruptcy Act, § 68a (Comp. St. § 9652), *held* not to effect a preference, since the parties did only what the law would have required done after bankruptcy.

In Error to the District Court of the United States for the Northern District of Texas; W. Lee Estes, Judge.

Action at law by H. A. Jandrew, trustee in bankruptcy of A. L. Smith, against the Guaranty State Bank of Ovilla, Tex. Judgment for defendant, and plaintiff brings error. Affirmed.

H. T. Bowyer and James P. Haven, both of Dallas, Tex. (Spence, Haven, Smithdeal & Spence, of Dallas, Tex., on the brief), for plaintiff in error.

J. L. Gammon, of Waxahachie, Tex. (J. H. Synnott, of Dallas, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This was a writ of error from a judgment for the defendant (defendant in error here) on an action instituted against it by the plaintiff (plaintiff in error here) for the recovery of a deposit of $1,851, which the bankrupt had with the defendant, and which was transferred to the defendant by a check given the defendant by the bankrupt, immediately before the petition was filed, to pay notes due by the bankrupt to the defendant, in excess of the amount of the deposit. The trial was had upon an agreed statement of facts. A verdict was returned by the jury for the plaintiff, which was set aside by the court, and, a retrial having been waived by the parties, the court rendered a judgment for the defendant. The record presents the single question of law as to whether the defendant bank waived its right to set off the deposit against the notes, under section 68 of the Bankruptcy Act (Comp. St. § 9652), by accepting the check of the bankrupt, in advance of bankruptcy, and while the bankrupt was insolvent, and in contemplation of bankruptcy.

The authorities are conflicting on this question. The Supreme Court of the United States, in the case of Traders' National Bank v. Campbell, 14 Wall. 87, 20 L. Ed. 832, held that under the terms of the act of 1867 (14 Stat. 517), if the bank and the bankrupt knew of the insolvency of the latter when the payment of the check was made, it was a payment by way of preference and void, even though, had the bank relied upon its right of set-off, it might have been available. This case has been followed by a number of federal and state courts.

As against these decisions, we have the case of Studley v. Boylston National Bank, 229 U. S. 523, 33 Sup. Ct. 806, 57 L. Ed. 1313. In that case the Supreme Court, having stated that the record did not indicate a deposit for the purpose of enabling the bank to secure a preference by way of set-off, held the case to be within its former decision (New York County National Bank v. Massey, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. Ed. 380), and that the effort of appellant to distinguish it from that case, because, in the Studley Case, the parties voluntarily made the set-off before the petition was filed, while, in the Massey Case, it was made by the referee, stating an account and therein allowing the set-off under section 68a, after the filing of the petition, could not be sustained, because it could not be illegal for the parties to do before bankruptcy what the law would have required the trustee to do after bankruptcy, and because the payment of the checks and the charging of the notes were both bookkeeping matters, equivalent to the voluntary exercise by the parties of the right of offset. This court in the case of American Bank & Trust Co. v. Coppard, 227 Fed. 597, 142 C. C. A. 229, so construed that case and followed it. Circuit Courts of Appeal in other circuits have made like rulings on this question. We think the weight of authority upholds the judgment of the court below.

A preferential payment is one that gives to the creditor paid something he would not have obtained through bankruptcy proceedings, and that would have been ratably distributed among all creditors of the same class, after bankrutcy had intervened. The payment of a note by a check on a deposit of the maker has no such effect. The bankruptcy Act itself would do what the parties voluntarily did, had they omitted to do it. What the payment of the check transferred to the bank was only what the bank would have obtained as against other creditors of the same class, upon the filing of the petition, through the obligation of the trustee to apply the deposit to the payment of the notes in stating the account between the bank and the bankrupt. The payment of the check could have no effect to give the bank a greater percentage of its debt than other creditors of its class, since it would receive through payment by check only what the Bankruptcy Act would give it, though no such payment had been made to it. As the payment of the check was not a preferential payment, but merely a voluntary accomplishment of an offset, which was provided for by the Bankruptcy Act in the absence of voluntary action, we see no reason for disallowing the offset because the parties anticipated the action of the law, even though the bankrupt was then insolvent within the knowledge of the bank.

This conclusion calls for the affirmance of the judgment of the District Court; and it is so ordered.

Affirmed.