### In re YESNER et al.

District Court, D. Minnesota, Second Division. August 5, 1929.

No. 2939.

Todd, Fosnes & Green, of St. Paul, Minn., for petitioner.

A. R. English, of Tracy, Minn., for respondent.

SANBORN, District Judge. Yesner & Stone were merchants at Tracy. They kept their account at the bank. On April 10, 1928, they owed the bank on notes, which were then due, approximately $4,000. They had, shortly before that time, had a fire. They received on account of their loss from the insurance company some $5,700, a portion of which was deposited in the bank, so that on April 10th, by reason of that deposit, they had a credit balance of $4,139.20. Of this amount, the bank required them to pay upon their indebtedness to it $2,609.67, which was $2,500 principal and $109.67 interest upon one of the notes. Payment was made by a check of the bankrupts. The bank carried them for the balance then due. The record indicates that they were insolvent at the time, and that the bank, in all probability, knew that they were. They continued in business after that time until August 28, 1928. On August 9, 1928, an involuntary petition was filed against them, and on the 28th of that month they were adjudged bankrupt. The trustee objected to the allowance of the claim of the bank for the balance due it, on the ground that the payment of April 10th constituted a voidable preference.

The referee found that the evidence did not establish that the bank had reasonable cause to believe that the payment would effect a preference or that it did in fact effect a preference. The trustee claims that the referee is not justified by the evidence in reaching that conclusion.

From the record, the referee was certainly justified in concluding that the officers of the bank, the bankrupts themselves, and their attorney—who, about the time of the alleged preferential payment, advanced them $2,000, taking a chattel mortgage on their stock and fixtures as security—believed that they had a chance to weather the storm. If that was not so, it is rather clear that the bank would have exercised its right of set-off, and thus have paid off the entire indebtedness. Mr. Mitchell, the attorney for the bankrupts, who was fully advised as to their affairs, would not have loaned them money had he considered their condition hopeless. The record would compel the conclusion that on April 10, 1928, the bankrupts were insolvent, and that the bank had reasonable cause to believe that fact, but, in my judgment, did not compel the referee to find that the bank had reasonable cause to believe that the acceptance of $2,600 by it would effect a preference.

His finding in this regard must result in an affirmance of his order.

In Studley v. Boylston National Bank, 229 U. S. 523, 526, 33 S. Ct. 806, 808, 57 L. Ed. 1313, the court said: "There is nothing in the statute which deprives a bank, with whom an insolvent is doing business, of the rights of any other creditor taking money without reasonable cause to believe that a preference will result from the payment. The Bankruptcy Act contemplates that by remaining in business and at work, an insolvent may become able to pay off his debts. It does not prevent him from continuing in trade, depositing money in bank, drawing checks and paying debts as they mature, either to his own bank or any other creditor. It does provide, however, that if bankruptcy ensues, all payments thus made, within the four months' period, may be recovered by the Trustee, if the creditor had reasonable cause to believe that a preference would be thereby effected." In that case, as here, the payment was made by check and not by set-off, and there, as here, the referee found there was no reasonable cause for belief that the payment would effect a preference.

See also Walsh v. First Nat. Bank (C. C. A.) 201 F. 522; Toof v. City Nat. Bank (C. C. A.) 206 F. 250; Jandrew v. Guaranty State Bank (C. C. A.) 294 F. 530; American Bank & Trust Co. v. Coppard (C. C. A.) 227 F. 597, 599. In this last case, the court said: "An honest man of business, though embarrassed and possibly insolvent, may not be deprived of the great aid of legitimate banking. Though in deep water, one is not forbidden to swim to safety if he can."

The order of the referee is confirmed.