No. 26,150.

D. U. Ruckel, *Appellant,* v. The Metropolitan Life Insurance Company and Minnie M. Herr, *Appellees.*

SYLLABUS BY THE COURT.

1. Bankruptcy—*Property Passing to Trustee—Insurance Policies.* A bankrupt corporation's interest as designated beneficiary of a policy of insurance on the life of the corporation's president and manager is an asset of possible potential value which passes to the trustee in bankruptcy.

2. Same—*Insurance Policies—Bankrupt Corporation as Beneficiary—Application of Section 70 (a).* Section 70 (a) of the federal bankruptcy act, U. S. Comp. Stat. 1918, § 9654, which deals with the conditional rights of the trustee in insurance policies having a cash surrender value and insuring the life of a person who becomes a bankrupt, is not concerned with the interest of a bankrupt corporation as designated beneficiary of a policy of term insurance on the life of its president and general manager, and on which policy the corporation had paid the annual premium for a number of years.

1, 2. Bankruptcy, 7 C. J. § 210; 50 L. R. A. 33; 26 L. R. A., n. s., 451; 30 L. R. A., n. s., 990; 41 L. R. A., n. s., 123; 46 L. R. A., n. s., 148; 3 R. C. L. 225-228.

3. SAME—*Rights of Officials of Bankrupt Corporation.* When a federal trustee lawfully takes charge of the assets, business, records, and affairs of a bankrupt corporation, its officers and board of directors have no claim upon or official concern with those assets, choses in action, or business or other affairs of the corporation.

4. SAME—*Right of Creditor of Bankrupt—Independent Action to Recover Assets.* A creditor of a bankrupt corporation cannot ignore the federal trustee and the jurisdiction of the federal court over the affairs of the bankrupt and maintain an independent action for the benefit of the bankrupt corporation's creditors to recover a certain asset, claim, or right vested in the corporation, on the theory that the bankrupt corporation's officers and directors were delinquent in failing to prevent its loss or in failing to institute an action for its recovery.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed November 7, 1925. Affirmed.

*George Gardner* and *Warren Wattles,* both of Wichita, for the appellant.
*G. A. Stultz* and *Arnold C. Todd,* both of Wichita, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff brought this action to subject the proceeds of a life insurance policy to the satisfaction of the debts of a bankrupt corporation which had originally been designated as beneficiary by the insured who was its president and business manager.

The facts were these: In 1918, Walter S. Herr was president and manager of the Murray Extract Company, a Wichita business corporation. He applied for and received from the defendant a $5,000 policy of life insurance, naming the corporation as his beneficiary, and the policy provided that the beneficiary could not be changed. The annual premiums were paid by the corporation as they became due; the policy was for term insurance, and it had no cash surrender or loan value.

On February 23, 1923, the Murray Extract Company was adjudged a bankrupt, and a trustee in bankruptcy was appointed and placed in charge of the bankrupt corporation's estate. One of the creditors of the bankrupt was the Union National Bank of Wichita which held the corporation's note for $8,500, dated November 25, 1922, and due January 5, 1923. The bank proved its claim against the bankrupt and received partial dividends thereon as they were distributed by the federal trustee.

Among the assets of the bankrupt corporation turned over to the federal trustee was this policy of life insurance. In September,

3. Bankruptcy, 7 C. J. § 186.   4. Id., 7 C. J. § 346.

1923, several months after the corporation was adjudged a bankrupt, the time arrived when the next annual premium on the insurance policy had to be paid. About that time, Walter S. Herr, the insured, made application to the federal referee in bankruptcy that the policy be relinquished to him. This application was granted, and the trustee of the bankrupt estate delivered it accordingly. Herr then paid the annual premium due September 12, 1923, with his own funds; and with the consent of the insurance company the name of the beneficiary was changed to that of Minnie M. Herr, his wife. Herr died on January 3, 1924, and the insurance company paid the amount of the policy into court for the benefit of the party entitled to it.

Plaintiff lays claim to this insurance money on behalf of himself and any other creditors because on March 12, 1923, he purchased the note and the claim, against the bankrupt which it represents from the Union National Bank of Wichita; and about the same time he acquired from the Union National Bank all the assets of the bankrupt estate which had theretofore been purchased by the bank. Plaintiff also founded his right to litigate this action on the alleged ground that he personally was ready, able and willing to pay the insurance premium in September, 1923, for the benefit of the bankrupt estate, and because, as he alleged, he made a timely demand on the trustee in bankruptcy that the annual premium due in September, 1923, be paid by the trustee.

Issues were formed and testimony and other evidence introduced, but no sharply disputed facts were developed; and the cause turned largely upon questions of law which were suggested from the admitted or established facts.

Judgment was entered in favor of Minnie M. Herr, the last designated beneficiary.

Plaintiff appeals, contending that while the corporation's interest in the policy as designated beneficiary was a sort of asset or property right of the bankrupt corporation's estate, it was not of such a character as would pass to the trustee in bankruptcy, for the reason that under plaintiff's construction of the federal bankruptcy statute (U. S. Comp. Stat. 1918, § 9654) such trustee can acquire no interest in a policy of life insurance having no cash surrender or loan value. That statute reads:

"The trustee of the estate of a bankrupt, . . . shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was

adjudged a bankrupt, except in so far as it is to property which is exempt, . . . *Provided,* That when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets."

Plaintiff maintains the theory that a bankrupt corporation may possess certain peculiar assets or property rights—such as its interest in this policy—which must be protected for the benefit of the corporation and its creditors through its officers and board of directors, notwithstanding all its other assets, business, records and concerns are under the dominion and control of the federal trustee. And plaintiff argues that because the officers and directors have been and are delinquent in not asserting the bankrupt corporation's rights under the policy, and because Herr, its dead president and manager, was especially delinquent and acted for himself and for the benefit of his wife, and to the prejudice of the corporation, in securing a relinquishment of the policy from the federal trustee and in changing the name of the beneficiary, this plaintiff as a creditor has the right to maintain this action.

According to plaintiff's viewpoint we might have the spectacle of a federal trustee taking charge of all a bankrupt corporation's assets except the shadowy, nonsalable, nonassignable right of the corporation as designated beneficiary of a life insurance policy. But with that right the federal trustee might not meddle. Yet, being an asset of sorts—a theoretical, potential asset—it would be proper for the retiring board of directors, indeed their statutory duty, to turn that peculiar asset into cash and devote the proceeds to the payment of the corporation's debt.

The mere statement of such a contention is enough to condemn it. There is no such incongruity in our jurisprudence, notwithstanding its complex duality of state and federal powers. Once the federal trustee in bankruptcy has taken charge of an insolvent corporation's assets, business and affairs, pursuant to federal law, the corporation's officers and board of directors have no further official concern with it, unless and until it is financially rehabilitated and surrendered to their custody by order of the bankruptcy court.

The federal statute discussed in the briefs and cited above concerns itself with the disposition of life insurance policies of an in-

sured person who becomes a bankrupt. (*Burlingham v. Cruse,* 228 U. S. 459, and footnote thereto in 57 L. Ed. 920-922.) It does not attempt to deal with the disposition of insurance policies on the lives of persons other than the bankrupt and where the bankrupt's relation to the insurance is merely that of designated beneficiary. This corporation had an interest in this policy as beneficiary so long as it paid the annual premiums to maintain that interest. At the time the corporation became bankrupt there were still a few months of the term insurance to run which the bankrupt had paid for. If the insured had died during that term, it seems rather clear that the insurance paid for by the corporation should inure to its benefit, and especially so where it was the named beneficiary. The status of beneficiary during that interval was an asset of potential value, and no law, state or federal, exempts any property of a corporation from subjection to the payment of the corporation's debts. Therefore this theoretical or potential asset, the corporation's right as designated beneficiary, did pass to the trustee in bankruptcy along with all other assets, whether valuable or worthless, belonging to the corporation. However, at the time the federal trustee, with the sanction of the bankruptcy court, relinquished the policy to Herr, it had no longer any value to anybody except possibly to Herr, and probably none to him unless the insurance company should consent to a change in the beneficiary. What could the trustee in bankruptcy have done with it? The corporation's expiring interest as designated beneficiary was not assignable. A bankrupt's assets are sold to the highest bidder. Would any self-respecting court give countenance to a sale to the highest bidder of the right to speculate on the length of life of Walter S. Herr? And even if the fantastical theory of plaintiff were adopted, and we should say that this policy was a peculiar asset of the corporation which did not pass to its trustee in bankruptcy, but remained an asset of the corporation to be disposed of by its last board of directors, what could that defunct body have done with it? It could not sell it to a bargain hunter any more than could the trustee in bankruptcy. And neither the outgoing board of directors of an insolvent corporation nor the trustee in bankruptcy could defer indefinitely the winding up of the corporation's affairs until the eventuality of Herr's death should occur.

The foregoing does not exhaust the objections to the cause of action plaintiff sought to maintain, but it will suffice to show that the trial court committed no error.

The judgment is affirmed.