**CURTIS et al. v. HUMPHREY.\***

No. 7608.

Circuit Court of Appeals, Fifth Circuit.

June 11, 1935.

Wm. H. Watkins, of Jackson, Miss., Edward C. Brewer, of Clarksdale, Miss., and R. J. Pettey, of Greenwood, Miss., for appellants.

\*Writ of certiorari denied 56 S. Ct. 121, 80 L. Ed. —.

Knox Lamb, of Greenwood, Miss., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

The trustee of the bankrupt estate of Susan B. Humphrey and a creditor of that estate appeal from an order of the District Court awarding the net proceeds of a life insurance policy to the bankrupt. Their contention is that the title to the policy passed to the trustee for the benefit of creditors.

In 1933 Mrs. Humphrey filed her voluntary petition in bankruptcy. In due course she was discharged and the bankrupt estate closed. In 1930 her husband, William R. Humphrey, assigned to her a policy of insurance for $25,000 on his life, in which she was named as beneficiary; but she failed to list that policy as an asset in the schedules attached to her petition. At the time that petition was filed, the policy, although it had a cash surrender value, was pledged to the insurance company to secure a loan slightly in excess of such value, and consequently had no net cash surrender value. The assignment of it by the insured husband to his wife was absolute and unconditional. The case was submitted on an agreed statement of facts, and there is no contention that Mrs. Humphrey fraudulently omitted to schedule the policy. The insured died in July 1934, and on a petition filed within a month thereafter by Mrs. Mounger, a creditor who joins the trustee in this appeal, the bankrupt estate was reopened. But the District Court by the order appealed from held that the policy was not an asset of the bankrupt estate, but belonged to Mrs. Humphrey and that she rather than the trustee was entitled to the net proceeds.

In our opinion the ruling of the District Court was correct. The Bankruptcy Act by section 70a (5), 11 USCA § 110 (a) (5), while it broadly vests in the trustee of the estate of a bankrupt all the bankrupt's property, contains this proviso: "When any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold,

own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets," etc. Mrs. Humphrey comes within the literal terms of the proviso just quoted. She was the bankrupt, and she owned the life insurance. Its cash surrender value was payable to her and her estate, because the assignment was absolute. The policy had no net cash surrender value because of the loan upon it, and therefore she could take it free from the claims of creditors of her bankrupt estate without paying anything to the trustee for their benefit. There is no doubt that she should have scheduled the policy and claimed it as exempt before applying for her discharge. 11 USCA § 25. But in the absence of fraud and of loss to the estate she was not estopped to assert her right to it after the estate was reopened. Any right the trustee had became fixed as of the date the petition in bankruptcy was filed; he acquired no better or additional right by reason of the fact that the subsequent death of Humphrey matured the policy and made it more valuable. Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154. Appellants concede that the insured if he had been the bankrupt would have been entitled to the exemption. But they argue that only a bankrupt who has insurance on his own life is entitled to redeem an insurance policy. In support of that position they cite a number of decisions, in each of which the bankrupt was the beneficiary named in the policy. In re Judson (D. C.) 188 F. 702; Wolter v. Johnston (C. C. A.) 34 F.(2d) 598, 68 A. L. R. 1211; Clements v. Coppin (C. C. A.) 61 F.(2d) 552; Ruckel v. Metropolitan Life Ins. Co., 119 Kan. 593, 240 P. 409; Coleman v. Northwestern Mutual Life Ins. Co. (Mo. Sup.) 233 S. W. 187. We do not think these cases are in point; for none of them dealt with a state of facts such as we have here, where the bankrupt, though she was not the insured, was the owner of the policy. Appellants also cite our case of Lincoln National Life Ins. Co. v. Scales, 62 F.(2d) 582, 584. But, clearly, it lends no support to their contention. The opinion stated, it is true, that "the life insurance policies which are made redeemable have been held to be those only which an individual bankrupt has on his own life payable to his estate or his representatives," citing some of the cases just above

referred to; but, without agreeing that this was a correct statement of the law, and wholly aside from it, the opinion proceeds to hold simply that no one except the bankrupt is given the privilege to redeem and continue to hold the policy, and therefore that Wright, as he was not the bankrupt, was not entitled to pay the surrender value and take the policy. In that case the policy was held to belong to the bankrupt corporation, which had insured Wright's life for its own benefit. The proviso in question was construed in Burlingham v. Crouse, 228 U. S. 459, 33 S. Ct. 564, 568, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148, where it was said that the purpose in adopting it was twofold: First, to treat the bankrupt estate fairly by surrendering to it the cash surrender value; and, secondly, to give to the bankrupt for his future protection the policy which, because of advancing years and declining health, it might be impossible for him to replace. In answer to the argument that since the policy there under consideration had been assigned it could not be kept alive for the benefit of the insured bankrupt, the Supreme Court said: "But we find nothing in the act by which the right of the assignee of a policy to the benefits which would have accrued to the bankrupt is limited. As we have construed the statute, its purpose was to vest the surrender value in the trustee for the benefit of the creditors, and not otherwise to limit the bankrupt in dealing with his policy." Although it is true that the policy involved in that case was on the life of the bankrupt, while here it is not, in our opinion the statute as there construed was intended for the benefit of the bankrupt owner of a life insurance policy whether the bankrupt became such owner by insuring his own life or by taking a valid assignment of a policy on the life of another.

The order appealed from is affirmed.

SIBLEY, Circuit Judge (concurring).

I concur in this judgment, yielding to the literal words of the act and to the literal construction of them in Burlingham v. Crouse, and Everett v. Judson. But I believe strongly that Congress intended something humanitarian, as in matters of homestead, and had in mind only individual bankrupts and insurance policies on their own lives. If a corporation should go into bankruptcy having a policy on the life of its president or of its insolvent debtor, the

insured being very aged or in the last stages of an incurable disease so that it is apparent that the policy will shortly be collectible, I should hate to hold that the corporation's stockholders and not its creditors were entitled to the policy although at the date of filing the petition in bankruptcy there may have been no collectible surrender value.