**In re JACOBSON.**

**No. 27066.**

District Court, D. New Jersey.

Sept. 27, 1938.

Louis Klatzko, of Newark, N. J., for bankrupt.

Julius Stein, of Newark, N. J., for trustee.

AVIS, District Judge.

A brief statement of the facts in this controversy is: On November 1, 1921 Jacob Jacobson, husband of Lena Jacobson, the bankrupt, procured from The Mutual Life Insurance Company of New York a policy of life insurance on his life in the amount of $25,000, and in said policy one Herman Jacobson, brother of the assured, was named as beneficiary. The right to change the beneficiary was specifically not reserved to the insured. On February 23, 1922 the said Herman Jacobson duly and lawfully assigned all his interest in said policy to the insured Jacob Jacobson, and on January 6, 1928 the said insured duly and lawfully assigned all his right, title and interest therein to his wife Lena Jacobson, the bankrupt. This condition of title continued down to the time of adjudication.

By virtue of the absolute assignment, the insured was divested of all his right and title to the policy, and the entire interest therein vested in the assignee, the bankrupt. See 37 Corpus Juris, p. 435, sec. 146.

Lena Jacobson was adjudicated a bankrupt on December 10, 1937.

On February 7, 1938 the cash surrender value of said policy was $7,234.50, subject to policy loans amounting to $6,690, and interest amounting to $437.56, a total of $7,127.56, leaving a net cash surrender value of $106.94.

The trustee of the bankrupt claims and argues that the policy in its entirety is an asset of the bankrupt's estate. The bankrupt claims that under the bankruptcy statute, she may pay to the trustee the net cash surrender value and retain the policy, and further claims the benefits of the exemption statutes of the State of New Jersey, under which it is argued that the policy is wholly exempt from the demands of her creditors.

The referee determined that the policy is an asset of the estate and belongs to the trustee. The bankrupt has petitioned for review, and the matter is before this Court after argument by the respective counsel.

Under section 70a(5) of the Bankruptcy Act, 11 U.S.C.A. § 110(a) (5), the property and assets of a bankrupt become vested in the trustee, with the following proviso: "When any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free

from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings."

The bankrupt insists that under the terms of this proviso she is entitled to hold the policy upon payment of the clear withdrawal value thereof at the time of adjudication. The trustee contends that this proviso is applicable only when the policy insured the life of the bankrupt. The clause appears to be somewhat ambiguous and has in different courts received both of these interpretations.

In Burlingham et al., Trustee, v. Crouse, 228 U.S. 459, 33 S.Ct. 564, 57 L.Ed. 920, 46 L.R.A., N.S., 148, the Supreme Court, following some prior decisions, held that the effect of the proviso was to empower a bankrupt, who was also an insured, to pay to the trustee the cash surrender value under the policy and to retain the policy himself free from claims of his creditors.

The court, among other things, said on page 473, 33 S.Ct. on page 568: "We think it was the purpose of Congress to pass to the trustee that sum which was available to the bankrupt at the time of bankruptcy as a cash asset; otherwise to leave to the insured the benefit of his life insurance."

That case further determined in effect that the absolute assignee of a policy of life insurance had a right to the benefits which would have accrued to the bankrupt, and might retain the policy upon payment to the trustee of the cash surrender value.

The doctrine that the trustee takes possession of all the property of bankrupt as of the date of filing the petition is held in that case and also in the case of Everett, Trustee, v. Judson, 228 U.S. 474, 33 S.Ct. 568, 57 L.Ed. 927, 46 L.R.A., N.S., 154.

Directly on the questions involved in the instant case, I have been able to find only the two cases cited by counsel to the referee and noted in his certificate.

The first being, Curtis v. Humphrey, 5 Cir., 78 F.2d 73, 103 A.L.R. 236, in which the facts were exactly in accord with the facts in the instant case—the wife was the bankrupt and assignee of the policy—the policy was issued on the life of the husband, who had assigned it to the wife, and the court held that the benefits of the policy belonged to the wife individually and not to her creditors. This decision was inferentially approved by the Supreme Court when it denied certiorari. 296 U.S. 605, 56 S.Ct. 121, 80 L.Ed. 429.

Judge Coleman in the case In re Beachley, D.C.Md., 19 F.Supp. 104, in a case involving similar facts, rendered an opposite opinion. He disagreed with the decision in the case of Curtis v. Humphrey, supra, but drew a distinction as to the facts. Judge Coleman called attention to the fact that the transaction in his case was not between husband and wife, and may have rested his decision somewhat on that difference.

However, I think this Court is bound by the Circuit Court of Appeals decision, wherein the Supreme Court has denied certiorari.

While it does not directly affect the decision in the instant case, because not effective until September 22, 1938, the restatement of the section in the new amendment to the Bankruptcy Act, 11 U.S.C.A. § 110, indicates that the framers had in mind the decision in the case of Curtis v. Humphrey, supra. In that case Judge Sibley wrote a concurring opinion, in which he stated that he yielded to the literal words of the Act and the construction placed thereon by the Supreme Court in the cases of Burlingham v. Crouse, supra, and Everett v. Judson, supra, but suggested that if it involved a corporation as assignee he would "hate to hold that the corporation's stockholders and not its creditors were entitled to the policy. * * *" 78 F.2d 73, 75.

In the amended Bankruptcy Act the Congress has confined this provision to a bankrupt "who is a natural person". 11 U.S.C.A. § 110(a) (5). This indicates that Congress construed the Act as applying to bankrupts who are assignees, but restricting its operation to natural persons.

The general trend of the conclusions in all Federal court cases is to preserve the ultimate proceeds of insurance policies for the benefit of the bankrupt.

The further principle clearly stated is that the trustee comes into possession of the assets as of the date the petition was filed. The value of the policy, as of that date, I am convinced is the measure of the amount to which the trustee is entitled.

I conclude that the trustee is entitled only to the cash surrender value as of that date.

This determination, taking into consideration the fact that bankrupt has offered and is willing to pay to the trustee the cash surrender value of the policy, renders

it unnecessary to discuss the provisions or effect of Sections 38 and 39 of the Insurance Act of the State of New Jersey, R.S. 1937, 17:34–28, 17:34–29.

An order will be signed, reversing the order of the referee and directing the policy be delivered to the bankrupt on payment of the cash surrender value.