In the Matter of Roy **CLARK** and **Robert Clark**, individually and as copartners doing business as **Clark Chevrolet, Bankrupts.**

No. 14886.

United States District Court
W. D. Michigan, S. D.

Jan. 13, 1959.

Miltner & Miltner and Frank H. Miltner, Cadillac, Mich., for petitioner.

Murchie, Calcutt & Brown and Harry Calcutt, Traverse City, Mich., for respondents, Roy Clark and Dorothy Clark.

Amberg, Law & Fallon and Niel A. Weathers, Grand Rapids, Mich., for Continental Assurance Co.

STARR, Chief Judge.

The trustee of the above bankrupts' estates has petitioned for review of an order of the referee in bankruptcy entered May 9, 1958.

There is no dispute as to the material facts involved. In October, 1946, and prior thereto Roy Clark and his son, Robert Clark, as copartners were conducting a business in Mesick, Michigan, under the assumed name of Clark Chevrolet. They individually applied to the Continental Assurance Company for life insurance, and on October 16, 1946, that company issued its policy No. 1036802 in the principal amount of $10,000 on the life of Roy Clark, in which policy Robert Clark was designated as beneficiary, and on October 30th it issued its policy No. 1037407 in the principal amount of $10,-000 on the life of Robert Clark, in which Roy Clark was designated as beneficiary. The policy on the life of Robert Clark contained a special endorsement reading as follows:

"This policy is issued upon application therefor made by the Applicant, Roy C. Clark. All of the rights, privileges and options ascribed by this policy to the Insured shall belong to and vest in the Applicant as provided in said application."

The policy on the life of Roy Clark contained a similar special endorsement providing that all rights, privileges, and options ascribed by the policy to him should belong to and vest in the applicant, Robert Clark. Therefore, Roy Clark became the owner of and the beneficiary in the insurance policy on the life of Robert Clark, and Robert Clark became the owner of and the beneficiary in the insurance policy on the life of Roy Clark. However, it appears that the premiums on the policy on the life of Roy Clark were not paid, and it apparently lapsed prior to the date of his bankruptcy and is not involved in this proceeding.

On May 11, 1957, Roy Clark and Robert Clark, individually and as copartners doing business as Clark Chevrolet, filed a voluntary petition in bankruptcy

and were adjudged bankrupts. The matter was referred to the referee in bankruptcy, and Wadsworth Bissell was appointed and qualified as trustee of the bankrupts' estates. Subsequent to the adjudication of the Clarks as bankrupts, the referee on August 5, 1957, entered an ex parte order providing as follows:

"Re: Policy No. 1037407—Continental Assurance Company on the life of Robert C. Clark.

"In this matter it appearing the bankrupt Roy Clark holds the aforementioned life insurance policy and that the cash surrender value thereof at the date of filing said bankrupt's petition has been ascertained and determined to be the sum of $245.62, and it appearing that said surrender value is an asset of the estate of Roy Clark, bankrupt:

"It is ordered that within 30 days from this date Robert Clark, bankrupt, may pay or secure to the trustee of the estate of Roy Clark, Wadsworth Bissell, the aforementioned sum and continue to hold and carry such policy free from all claims of the estate of Roy Clark, bankrupt, or the trustee thereof.

"It is further ordered that in event said bankrupt Robert Clark shall fail to make the aforementioned payment, thereupon the said Wadsworth Bissell, Trustee, shall surrender said policy for such cash value."

On August 21, 1957, the referee entered an order extending the period of time specified in his order of August 5th for an additional period of 90 days within which the cash-surrender value of the policy on the life of Robert Clark could be paid to the trustee. The trustee did not move for reconsideration or petition for review of the referee's orders of August 5th and 21st. Subsequent to the entry of those orders, and on September 13, 1957, Robert Clark was killed in an automobile accident, and the Continental Company's policy on his life matured and the death benefits became payable.

On September 16, 1957, Dorothy Clark, the widow of Robert Clark, in pursuance of the referee's order of August 5, 1957, and in the presence and with the consent of Roy Clark, tendered to the trustee of Roy Clark's bankrupt estate the sum of $245.62 as the cash-surrender value of the policy on the life of her husband, Robert Clark. This tender, whether considered as a tender by Roy Clark as the owner of and beneficiary in the policy or by Dorothy Clark, individually or as administratrix of the estate of Robert Clark, was refused by the trustee. On October 31, 1957, it was stipulated by Dorothy Clark, individually and as administratrix of the estate of Robert Clark, and Wadsworth Bissell, trustee of the bankrupt estates of Roy Clark and Robert Clark, that a tender of $245.62 as the cash-surrender value of the policy on the life of Robert Clark had been timely and appropriately made on September 16, 1957, pursuant to the terms of the referee's orders of August 5, and 21, 1957.

Thereafter, on October 10, 1957, the trustee in bankruptcy filed a petition setting forth the issuance of the life insurance policy on the life of Robert Clark, the fact of his death, and the fact that the policy had been deposited as an asset in the bankruptcy proceeding, and asked that an order be entered directing Roy Clark, Dorothy Clark, and the Continental Assurance Company to appear and show cause why that company should not be required to pay into the bankruptcy court as an asset of the bankrupt estate of Roy Clark the proceeds of that insurance policy. In pursuance of the trustee's petition the referee entered an order to show cause and hearings were held and evidence presented. In the course of these hearings Roy Clark testified that in 1954 he gave the insurance policy on the life of Robert Clark to Dorothy Clark, the wife of Robert Clark, and that thereafter she had paid certain of the premiums to maintain the policy in force. This testimony was corroborated by Dorothy Clark. However, Roy Clark had not executed a written assignment of

the policy to Dorothy Clark, nor had he designated her as the beneficiary of the policy.

On May 9, 1958, the referee filed an opinion and entered an order providing in part as follows:

"Findings of Fact

"1. That an adequate tender of the cash surrender value of the life insurance policy in question was made by Dorothy Clark and Roy Clark to the trustee, Wadsworth Bissell.

"And from the preceding findings of fact, the court draws the following:

"Conclusions of Law

"1. The orders of this court of August 5, 1957, and August 21, 1957, were final and binding on the trustee.

"2. Robert Clark, his estate or heirs, had the right to redeem at any time as provided by the above orders. The death of the said Robert Clark does not cut off the right of such redemption.

"3. Roy Clark has waived any right that he might have had in the said insurance policy.

"4. The Continental Assurance Company waived any objections that it might have had to the jurisdiction of the court by reason of its failure to file its objections prior to the time of the hearing in the principal matter.

"5. The court of bankruptcy has jurisdiction to bring in and substitute additional persons or parties in bankruptcy proceedings when necessary for the complete determination of a matter in controversy.

"6. The avoidance of multiplicity of suits is a basic maxim of equity.

"Now, therefore, on motion of Harry Calcutt, Esq.,

"It is ordered that the Continental Assurance Company pay to Wadsworth Bissell, trustee, the sum of $245.62, the cash surrender value of the policy as of the date of bankruptcy.

"It is further ordered that Continental Assurance Company pay to Dorothy Clark the balance of the proceeds of the said insurance policy after the deduction of the cash surrender value, as set forth in (1) above."

The trustee of the estate of Roy Clark, bankrupt, has petitioned for review of the referee's order of May 9th on the ground that the proceeds from the insurance policy on the life of Robert Clark are an asset of the bankrupt estate of Roy Clark, the beneficiary named in the policy; that Roy Clark did not lawfully assign the policy to Dorothy Clark; and that neither Roy Clark nor Dorothy Clark, individually or as administratrix of her husband's estate, is entitled to redeem the policy by paying the cash-surrender value thereof. Counsel for the parties have agreed that the petition for review may be considered by the court on the record and briefs filed without further hearing or argument.

Section 70, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a, provides in part as follows:

"a. The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * * (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: * * * *And provided further*, That when any bankrupt, who is a natural person, shall have any

insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets."

Roy Clark was the owner of and the beneficiary designated in the policy on the life of Robert Clark, and the referee determined that on the date Roy Clark filed his petition in bankruptcy, the policy had a cash-surrender value of $245.62. Any rights of the trustee of the bankrupt estate of Roy Clark in the policy became fixed as of the date Roy Clark filed his petition in bankruptcy, and his trustee acquired no better or additional right thereafter by reason of the subsequent death of Robert Clark and the maturing of the policy on his life. It is clear that under section 70, sub. a(5) of the Bankruptcy Act, Roy Clark as the owner of and beneficiary in the policy on the life of Robert Clark had the right to pay to the trustee of his bankrupt estate the cash-surrender value of the policy and to continue to hold, own, and carry the policy free from the claims of his creditors in the bankruptcy proceeding. It is also clear that if Roy Clark had made a valid and legal assignment of the policy to Dorothy Clark, she had the right to redeem the policy by paying the cash-surrender value thereof to the trustee. That is, Roy Clark or his assignee Dorothy Clark would be entitled to the proceeds of the policy upon payment of the cash-surrender value.

In the case of Curtis v. Humphrey, 5 Cir., 78 F.2d 73, 103 A.L.R. 236, certiorari denied 296 U.S. 605, 56 S.Ct. 121, 80 L.Ed. 429, the bankrupt was the owner of and beneficiary in an insurance policy on the life of her husband. She had been named as beneficiary of the policy at the time it was issued and became the owner of the policy by a lawful assignment from her husband prior to her bankruptcy. Subsequent to the bankrupt's discharge her husband died, and the proceeds of the policy became payable. The estate of the bankrupt was reopened and the bankrupt's trustee sought to recover the proceeds of the policy. In affirming the district court's holding that the bankrupt and not her trustee was entitled to the insurance, the court of appeals said:

"In our opinion the ruling of the District Court was correct. The Bankruptcy Act by section 70, sub. a(5), 11 U.S.C.A. § 110, sub. a(5), while it broadly vests in the trustee of the estate of a bankrupt all the bankrupt's property, contains this proviso: 'When any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets,' etc. Mrs. Humphrey comes within the literal terms of the proviso just quoted. She was the bankrupt, and she owned the life insurance. Its cash surrender value was payable to her and her estate, because the assignment was absolute. The policy had no net cash surrender value because of the loan upon it, and therefore she could take it free from the claims of creditors of her bankrupt estate without paying anything to the trustee for their benefit. There is no doubt that she should have scheduled the policy and claimed it as exempt before

applying for her discharge. 11 U.S. C.A. § 25. But in the absence of fraud and of loss to the estate she was not estopped to assert her right to it after the estate was reopened. Any right the trustee had became fixed as of the date the petition in bankruptcy was filed; he acquired no better or additional right by reason of the fact that the subsequent death of Humphrey matured the policy and made it more valuable. Everett v. Judson, 228 U.S. 474, 33 S.Ct. 568, 57 L.Ed. 927, 46 L.R.A., N.S., 154. Appellants concede that the insured if he had been the bankrupt would have been entitled to the exemption. But they argue that only a bankrupt who has insurance on his own life is entitled to redeem an insurance policy. In support of that position they cite a number of decisions, in each of which the bankrupt was the beneficiary named in the policy. In re Judson (D.C.), 188 F. 702; Wolter v. Johnston, 3 Cir., 34 F.(2d) 598, 68 A.L.R. 1211; Clements v. Coppin, 9 Cir., 61 F.(2d) 552; Ruckel v. Metropolitan Life Ins. Co., 119 Kan. 593, 240 P. 409; Coleman v. Northwestern Mutual Life Ins. Co., Mo.Sup., 233 S.W. 187. We do not think these cases are in point; for none of them dealt with a state of facts such as we have here, where the bankrupt, though she was not the insured, was the owner of the policy."

In the case of In re Jacobson, D.C., 24 F.Supp. 749, the insured procured an insurance policy on his own life and designated his brother as beneficiary without specifically reserving the right to change the beneficiary. Later the insured assigned the policy to his wife who subsequently was adjudicated a bankrupt. In holding that under section 70, sub. a(5) of the Bankruptcy Act the bankrupt individually was entitled to retain the policy upon the payment of its cash-surrender value to her trustee in bankruptcy, the court said:

"The trustee of the bankrupt claims and argues that the policy in its entirety is an asset of the bankrupt's estate. The bankrupt claims that under the bankruptcy statute, she may pay to the trustee the net cash surrender value and retain the policy. * * *

"The bankrupt insists that under the terms of this proviso (§ 70, sub. a(5) of the Bankruptcy Act) she is entitled to hold the policy upon payment of the clear withdrawal value thereof at the time of adjudication. The trustee contends that this proviso is applicable only when the policy insured the life of the bankrupt. The clause appears to be somewhat ambiguous and has in different courts received both of these interpretations. * * *

"Directly on the questions involved in the instant case, I have been able to find only the two cases cited by counsel to the referee and noted in his certificate.

"The first being, Curtis v. Humphrey, 5 Cir., 78 F.2d 73, 103 A.L.R. 236, in which the facts were exactly in accord with the facts in the instant case—the wife was the bankrupt and assignee of the policy— the policy was issued on the life of the husband, who had assigned it to the wife, and the court held that the benefits of the policy belonged to the wife individually and not to her creditors. This decision was inferentially approved by the Supreme Court when it denied certiorari. 296 U.S. 605, 56 S.Ct. 121, 80 L.Ed. 429.

"Judge Coleman in the case of In re Beachley, D.C.Md., 19 F.Supp. 104, in a case involving similar facts, rendered an opposite opinion. He disagreed with the decision in the case of Curtis v. Humphrey, supra, but drew a distinction as to the facts. Judge Coleman called attention to the fact that the transaction in his case was not between husband and

wife, and may have rested his decision somewhat on that difference.

"However, I think this Court is bound by the Circuit Court of Appeals decision, wherein the Supreme Court has denied certiorari.

"While it does not directly affect the decision in the instant case, because not effective until September 22, 1938, the restatement of the section in the new amendment to the Bankruptcy Act, 11 U.S.C.A. § 110, indicates that the framers had in mind the decision in the case of Curtis v. Humphrey, supra. In that case Judge Sibley wrote a concurring opinion, in which he stated that he yielded to the literal words of the Act and the construction placed thereon by the Supreme Court in the cases of Burlingham v. Crouse, supra (228 U.S. 459, 33 S.Ct. 564, 57 L.Ed. 920), and Everett v. Judson, supra (228 U.S. 474, 33 S.Ct. 568, 57 L.Ed. 927), but suggested that if it involved a corporation as assignee he would 'hate to hold that the corporation's stockholders and not its creditors were entitled to the policy.' * * *' 78 F.2d 73, 75.

"In the amended Bankruptcy Act the Congress has confined this provision to a bankrupt 'who is a natural person.' 11 U.S.C.A. § 110, sub. a(5). This indicates that Congress construed the Act as applying to bankrupts who are assignees, but restricting its operation to natural persons.

"The general trend of the conclusions in all Federal court cases is to preserve the ultimate proceeds of insurance policies for the benefit of the bankrupt."

See also 3 Remington on Bankruptcy, § 1244, pp. 105, 106.

The factual situations and questions of law presented in the case of In re Beachley, D.C., 19 F.Supp. 104, and other authorities cited by the trustee clearly distinguish them from the present case, and they therefore do not sustain the trustee's contention that he is entitled to the proceeds of the matured policy on the life of Robert Clark. The court is convinced that the holdings in the cases of Curtis v. Humphrey and In re Jacobson hereinbefore discussed are in accord with the weight of authority and are determinative of the questions in the present case. The court accordingly concludes:

(1) That Roy Clark, the beneficiary named in and the owner of the Continental Assurance Company policy No. 1037407 on the life of his copartner, Robert Clark, was entitled under section 70, sub. a(5) of the Bankruptcy Act to redeem the policy by paying the cash-surrender value thereof to his trustee in bankruptcy.

(2) That if Roy Clark had made a valid and legal assignment of the policy on the life of Robert Clark to his widow, Dorothy Clark, then she was entitled under section 70, sub. a(5) of the Bankruptcy Act to redeem the policy by paying the cash-surrender value thereof to the trustee in bankruptcy of Roy Clark.

(3) That on September 16, 1957, the sum of $245.62 as the cash-surrender value of the policy on the life of Robert Clark was tendered to the trustee in bankruptcy of Roy Clark and was refused.

(4) That Wadsworth Bissell, trustee in bankruptcy of the estate of Roy Clark, is entitled to the sum of $245.62 as the cash-surrender value of the policy on the life of Robert Clark.

(5) That Wadsworth Bissell, trustee in bankruptcy of the estate of Roy Clark, is not entitled to the proceeds of the Continental Assurance Company's policy on the life of Robert Clark, over and above the cash-surrender value thereof.

(6) That it is unnecessary for this court to determine whether or not Roy Clark made a valid, legal assignment of the policy on the life of Robert Clark to his widow, Dorothy Clark.

(7) That the order of the referee in bankruptcy entered May 9, 1958, is changed and amended in the following

particulars: Paragraphs 2 and 3 of the conclusions of law contained in said order are stricken, and the paragraphs of the order providing for the payment of the proceeds of the policy are amended to read as follows:

"It Is Ordered that the Continental Assurance Company shall pay to the trustee in bankruptcy of Roy Clark the sum of $245.62 as the cash-surrender value of policy No. 1037407, and shall pay the balance of the proceeds of said policy to Roy Clark and Dorothy Clark, as their respective interests may appear."

In view of the court's conclusions, other questions presented do not require consideration or determination. An order will be entered affirming the order of the referee in bankruptcy entered May 9, 1958, subject to the changes and modifications as above provided.