**In re Homer G. WALTERS and Evolene Walters, Debtors.**

Bankruptcy No. 80–30201.

United States Bankruptcy Court, S. D. West Virginia.

Sept. 10, 1981.

R. R. Fredeking, II, and Norman E. Rood, Huntington, W. Va., for Homer G. and Evolene Walters, debtors.

Thomas B. Bennett, Charleston, W. Va., for BancOhio National Bank.

Leo J. Meisel, Huntington, W. Va., trustee.

## OPINION

EDWIN F. FLOWERS, Bankruptcy Judge.

Homer G. Walters, the Debtor, claimed unmatured life insurance policies on the life of his son as exempt under the provisions of 11 U.S.C. § 522(d)(7). His son died one week after the Debtor filed a voluntary petition in bankruptcy and benefits in the sum of $115,380.00 have been paid to the Debtor. The Trustee and BancOhio National Bank, a creditor of the estate, object to allowance of the proceeds from the policies as exempt, relying upon 11 U.S.C. § 541(a)(5).

The Bankruptcy Code provides:

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

. . . .

(5) An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agreement with debtor's spouse, or of an interlocutory or final divorce decree; or

(C) as beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. § 541(a). Under the provisions of this Code section, life insurance proceeds which mature within 180 days after the filing of a bankruptcy petition are brought into the estate. The exemption section of the Bankruptcy Code allows a debtor to retain unmatured life insurance contracts which he owns:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate . . .

(1) property that is specified under subsection (d) of this section . . .

. . . .

(d) The following property may be exempted under subsection (b)(1) of this section:

. . . .

(7) any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

11 U.S.C. § 522. The apparent conflict must be resolved in order to determine whether the insurance proceeds will accrue to the estate or to the Debtor.

Authority under the new Bankruptcy Code is scarce on the subject.[1] Counsel for BancOhio very ably cites legislative history, an exhaustive law review article and precedents under the former Bankruptcy Act. These sources, however, do not unequivocally support the Bank's position. In the legislative history we find:

Paragraph (7) exempts a life insurance contract, other than a credit life insurance contract, owned by the debtor. This paragraph refers to the life insurance contract itself. It does not encompass any other rights under the contract, such as the right to borrow out the loan value. Because of this provision, the trustee may not surrender a life insurance contract, which remains property of the debtor if he chooses the federal exemptions.

H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 361 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

The Banks cites one learned writer who has observed:

---

1. In the only reported decision found, the debtor owned an insurance policy and concealed its ownership, causing denial of its exemption under 11 U.S.C. § 522(g)(1)(B). The beneficiary of the policy was allowed to exempt a portion of the proceeds under the state exemption statute. *See In re Howard*, 6 B.C.D. 1011, 6 B.R. 220 (Bkrtcy.S.D.Ohio 1980).

This provision continues in a different manner the protection of the 1898 Act against forfeiture of life insurance policies. It protects debtors against having to find new insurance at a higher rate or at a time when *they* may be uninsurable. Life insurance policies with no loan or cash surrender value would be completely exempt under this provision. [*Emphasis supplied*]

Vukowich, *Debtors' Exemption Rights Under the Bankruptcy Reform Act*, 58 N.C.L. Rev. 769, 786 (1980). The statement is certainly correct, but it need not be read to suggest that the provision can only be invoked where the owner of the policy is also the insured. Subsection (d)(7) of the federal exemption provision does not impose that limitation. Moreover, the legislative history nowhere states that the owner and insured must be the same person to qualify the unmatured insurance contract for exemption under § 522(d)(7). The Bank relies on the expression in the legislative history that the subsection "does not encompass any other rights under the contract, such as the right to borrow out the loan value." H.R.Rep.No. 95–595, *supra*. It is contended that the right to recover the proceeds on maturity of the contract is also excluded. If such was the intent of Congress, its expression is not so clear as to compel the significant restriction of the Debtor's exemption rights which the Bank seeks. The Court is persuaded that no such restriction is justified. Precedents under the Bankruptcy Act are of little more help. Section 70(a) of the Bankruptcy Act contained an after-acquired asset provision which brought into the bankruptcy estate "[a]ll property . . . which vests in the bankrupt within six months after bankruptcy by bequest, devise or inheritance." 11 U.S.C. § 110(a) (1976). While the general comment has been made that "Section 541(a)(5) is derived from the provisions of section 70a of the Act," the after-acquired provision of the Act did not include insurance benefits. 4 *Collier on Bankruptcy*, ¶ 541.18, 541–76

(15th ed. 1979). Section 70(a) did contain a buy-back provision which entitled the bankrupt to purchase his life insurance policies from the trustee for their cash surrender value. The highest court to consider this provision concluded that the purchase option was available even if the bankrupt was not the insured. *Curtis v. Humphrey*, 78 F.2d 73 (5th Cir. 1935), *cert. denied*, 296 U.S. 605, 56 S.Ct. 121, 80 L.Ed. 429 (1935).[2] Legislative history does not reveal whether the purchase option proviso of section 70(a) became the exemption provision of section 522(d)(7) of the Code.

■ This Court would take a different approach to the interaction of the two Code provisions. The exemption section is expressly made dominant over the property section of the Code. *See* 11 U.S.C. § 522(b). Exemptions are granted to a debtor "[n]otwithstanding section 541" of the Code. Thus, even though insurance proceeds are property of the estate under section 541(a)(5)(C), in the exceptional circumstance where those proceeds are derived from policies of unmatured life insurance owned by the debtor and claimed by him as exempt, such proceeds flow as an incident of ownership of the contract to the debtor rather than to the estate. Allowing the exemption of the proceeds in this situation does not obviate the need for section 541(a)(5)(C). Insurance proceeds received on policies owned by persons other than the debtor are included in the debtor's estate. This interpretation keeps insurance benefits in like specie with bequests, devises, and inheritances captured for the bankruptcy estate by section 541(a)(5)(A). Thus, death benefits received within 180 days of the filing of the bankruptcy petition which are not contractual and which might be described as a windfall would be included in the estate, while those benefits which result from a contract right of the debtor as owner and beneficiary would be exempt.

This result is compatible with the general principle that what the debtor acquires af-

**2.** *Accord, In re Jacobson*, 24 F.Supp. 749 (D.N. J.1938); *In re Clark*, 169 F.Supp. 391 (W.D. Mich.1959); *contra, In re Beachley*, 19 F.Supp.

104 (D.Md.1937); *Mutual Trust Life Ins. Co. v. Wemyss*, 309 F.Supp. 1221 (D.Me.1970)

ter the petition is filed does not inure to the benefit of the bankruptcy estate. His exempt property is expressly protected from later jeopardy with but few exceptions. *See* 11 U.S.C. § 522(c). The increase in value during the 180 days of a residence or corporate stock which had been claimed exempt would not be subject to the claim of the trustee. There seems to be little reason why the increase in value of an unmatured life insurance policy due to its maturity during the same period should be treated differently. After all, the circumstances which mature the policy are neither contrived nor welcomed by an owner-beneficiary of life insurance proceeds. If the debtor desires the continued protection of unmatured life insurance after filing bankruptcy, he must bear the duty of paying the premiums for that protection. If he bears the duty of the contract he should also gain its benefits. There is no good basis to provide an insurance recovery for creditors who bore no obligation for premium payments during the 180 days post-petition period. To compel a contrary conclusion, section 541(a)(5) would have to commend that "notwithstanding section 522(d)(7)," the recovery on life insurance policies during the 180 days following the petition are property of the estate. Had the drafters of the Code intended the exemption provision for unmatured life insurance to be restricted by the terms of section 541(a)(5)(C), it would have been simple to add qualifying words such as "which remains unmatured for 180 days after the petition." Instead, the exemption for unmatured life insurance is granted "notwithstanding" the inclusion in the estate of some life insurance benefits.

██ The value and nature of property claimed to be exempt is determined as of the date the bankruptcy petition is filed. *In re Crump,* 5 B.C.D. 1235, 2 B.R. 222, 1 C.B.C.2d 378 (Bkrtcy.S.D.Fla.1980); *In re Rivera,* 5 B.R. 313 (Bkrtcy.M.D.Fla.1980); *In re Hahn,* 5 B.R. 242 (Bkrtcy.S.D.Iowa 1980); *Krupp, Meyers and Hoffman v. Doyle (In re Laird),* 6 B.C.D. 998, 6 B.R. 273 (Bkrtcy.E.D.Pa.1980). Once entitlement to the exemption is determined, the Debtor's rights to the property are not further im-

paired by section 541 of the Code. The contract of life insurance being exempt and possessed by the Debtor as of the date of the petition, there is no source from which the benefits can be captured for the estate during the 180-day period.

The objections of the Trustee and Banc-Ohio to allowance of the insurance policy proceeds as exempt are overruled.